SHORTESS, Judge.
Gulf States Title Corporation (Gulf States) and Ronald E. Rodriguez (Rodriguez) brought a joint petition to confirm tax titles to certain property situated in the Parish of St. Tammany, acquired by them at tax sale for non-payment of property taxes for the year 1975. Defendants were the surviving spouse and heirs of Andrew A. Massicot, and Pierre Barberate.[1] Several of the defendants were alleged to be absentees, and a curator ad hoc was appointed to represent them. Neolie Massi-cot Carmouche appeared and filed an answer. With separate counsel, Halsey Andrew Newbrough Simmons and Celeste Newbrough also appeared and answered. A preliminary default was entered against the only other defendant who was actually served, Gerald Gandolfo. The curator ad hoc filed responsive pleadings for the remaining defendants. The matter proceeded to trial. The court rendered judgment in favor of the petitioners and confirmed their respective tax titles. Neolie M. Car-mouche (appellant) is the only defendant who has appealed. The judgment is therefore final as to all other defendants.
The applicable pertinent facts are as follows:
(1)Gulf States acquired Lots 19, 20, 21 and 22, square 346A, Mandeville, by a tax deed recorded May 28, 1976, said property being assessed in the name of Halsey A.N. Simmons.
(2) Rodriguez acquired Lots 23 and 24, Square 346A, Mandeville, by tax deed recorded May 28, 1976; said property being assessed in the name of Norita Newbrough Simmons.
(3) Both of said properties described above had been acquired by Andrew Massi-cot and his wife Norita N. Massicot on October 8, 1926.
(4) By a judgment of possession signed in connection with the Succession of Andrew A. Massicot, dated April 11, 1963, Norita Newman Massicot as surviving spouse and owner of an undivided one-half interest and Norita Massicot Newbrough, Neolie Massicot Carmouche, and Ynola Massicot Gandolfo as sole heirs and owners of the remaining one-half interest were placed in possession of the properties in question.
(5) The surviving spouse, Norita Newman Massicot, conveyed her one-half interest in Lots 23 and 24 of Square 346A to Norita Newbrough Simmons.
(6) Norita Newman Massicot conveyed her one-half interest in Lots 19, 20, 21 and 22 of Square 346A to Halsey Andrew Newbrough Simmons by deed dated December 10, 1968.
(7) At the time of the tax sale to Rodriguez, the record owners of Lots 23 and 24, Square 346A, were Norita Newbrough Simmons (undivided interest, one-half), Norita Massicot Newbrough (undivided interest, one-sixth), Neolie Massicot Carmouche (undivided interest, one-sixth), Ynola Massicot Gandolfo (undivided interest, one-sixth).
(8) At the time of the tax sale to Gulf States, the record owners of Lots 19, 20, 21 and 22, Square 346A, were Halsey Andrew Newbrough Simmons (undivided interest, one-half), Norita Massicot Newbrough (undivided interest, one-sixth), Neolie Massicot Carmouche (undivided interest, one-sixth), *845 Ynola Massicot Gandolfo (undivided interest, one-sixth).
(9) Ynola Massicot Gandolfo later, by quit-claim deed dated May 22, 1979, conveyed her interest in both properties to the following named defendants:
1. Celeste Newbrough
2. Halsey Andrew Newbrough Simmons
3. Charles M. Gandolfo
4. Diane Newbrough Jamil
5. Elaine Newbrough
6. Gerald Gandolfo, and
7. Norita Newbrough Simmons.
(10) The chain of title also shows Pierre Barberate acquired title to the entire square by deed dated July 16, 1857. No divestation of this title could be found as to Barberate’s interest.
(11) The 1975 St. Tammany Parish tax rolls show that Lots 23 and 24, Square 346A, were assessed in the name of Norita Newbrough Simmons.
(12) The 1975 St. Tammany Parish tax rolls indicate that Lots 19, 20, 21 and 22, Square 346A, were assessed in the name of Halsey A.N. Simmons.
(13) Both tax adjudications indicate that the property sold was correctly described using the proper lot numbers and square within the City of Mandeville.
(14) No redemptions were made of either of these two tax adjudications.
(15) The suit to confirm these tax sales was brought on December 21, 1983, more than five years after the recordation of the two tax sales.
(16) The properties in question are vacant, unimproved and wooded, and there has been no physical possession of same by any co-owner since the adjudications.
The trial court made the following findings of fact:
The present action was filed on December 21, 1983, more than five years after the date of the two subject tax sales. The record establishes and this Court finds that the property was correctly described in these two tax sales. There were no redemptions of these tax sales. Additionally, there has been no possession of subject properties by or on behalf of the tax debtors.
The trial court basically held that our decision in Hubbs v. Canova, 392 So.2d 486 (La.App.1st 1980), writ granted, 396 So.2d 1326 (La.1981), did not require notice to all co-owners because the Supreme Court, while it affirmed our decision, approached it from a different point of view. It held that since the descriptions in the assessment and tax sale did not adequately describe the subject property, the tax sale was null and void, and the five-year per-emptive period provided for in La. Const, art. VII, § 25, would not be applicable since the sale was a nullity. Hubbs v. Canova, 401 So.2d 962 (La.1981).
Making that distinction, the trial court then held:
The only defense to a tax sale after the deed has been of record for a period of more than five years is proof of prior payment of the taxes for the year in which the property was adjudicated. Louisiana Constitution of 1974, Article VII, Sec. 25. The record establishes that there was no prior payment of 1975 taxes.
The issue is whether the constitutional peremptive period of five years provided for in Article VII, § 25, is applicable to a tax adjudication of property owned in indi-visión when the tax notice goes to one of the record owners and not to the other record owners.
Our Supreme Court has answered this question in favor of the tax vendee. In Yuges Realty v. Jefferson Parish Developers,[2] 205 La. 1033, 18 So.2d 607, 609 (1944), the court said:
This court has repeatedly held that, for the purpose of prescription under the *846 Constitution, it is immaterial whether the assessment was made in the name of the true owner, or in the name of another, or in no name at all. Griffing et al. v. Taft, 151 La. 442, 91 So. 832, and the long list of cases therein cited on this point; Tillery v. Fuller, 190 La. 586, 182 So. 683.
The Supreme Court, as well as several circuit courts, has cited Yuges for the above rule with approval ever since. For example, in Gulotta v. Cutshaw, 283 So.2d 482, 492 (La.1973), the court said:
The property was sold for nonpayment of taxes where the person to whom the property was assessed was not the owner. In Weber’s Heirs v. Martinez, [125 La. 663, 51 So. 679] supra, this court stated:
“It has been held that it is immaterial for the purposes of the question to be here determined whether an assessment has been made in the name of one person or another, or in no name, or whether the owner, not in possession, has been notified of the intention to sell or has not been notified, or whether the sale has been advertised or has not been advertised. Canter v. Williams, 107 La. 77, 31 So. 627; Crillen v. N.O. Terminal Co., 117 La. 349, 41 So. 645; Little River Lumber Company v. Thompson, 118 La. 284, 42 So. 284 [938].”
See also, Yuges Realty v. Jefferson Parish Developers, Inc., 205 La. 1033, 18 So.2d 607 (1944); Succession of Welsch v. Carmadelle, 264 So.2d 341 (La.App.4th Cir.1972); Vavoline Oil Co. v. Concordia Parish School Board, 216 So.2d 702 (La.App.3rd Cir.1968). Thus, the fact that property is assessed in the wrong name does not prevent the running of the five year peremptive period.
The period has run and the plaintiffs can no longer attack defendant’s tax title.
The trial court was correct in applying the five-year constitutional preemption to the facts of this case. There was no problem with the description of the property; five years had passed since the tax adjudication, and none of the co-owners maintained any corporeal possession of the property.
For the reasons stated, the decision of the trial court, which confirmed and quieted the following described tax adjudications, is affirmed at appellant’s costs, to-wit:
1. The adjudication to Ronald E. Rodriguez for non-payment of 1975 Parish taxes under an assessment in the name of Norita N. Simmons, as shown by deed recorded on May 28, 1976, in COB 788, folio 181 of the official records of St. Tammany Parish, Louisiana, and recognizing Ronald E. Rodriguez as sole owner of the following described property:
Two certain lots of ground, situated in Square 346-A, Town of Mandeville, St. Tammany Parish, Louisiana, more fully described, to-wit:
Lots 23 and 24, Square 346-A, as shown on a plat by Adloe Orr, Civil Engineer. Square 346-A is bounded by Dupre, Armand, and Nelson Streets and Ozone Place.
Lots 23 and 24 each measure 25 feet front on Ozone Place, the same in width across the rear, by a depth of 115 feet. Lot 23 commences 50 feet from the corner of Nelson Street and Ozone Place.
2. The adjudication to Gulf States Title Corporation for non-payment of 1975 Parish taxes under an assessment in the name of Halsey A.N. Simmons, as shown by deed recorded on May 28,1976, in COB 788, folio 206 of the official records of St. Tammany Parish, Louisiana, and recognizing Gulf States Title Corporation as the sole owner of the following described property:
Four certain lots of ground, situated in Square 346-A, Town of Mandeville, St. Tammany Parish, Louisiana, more fully described, to-wit:
Lots 19, 20, 21, and 22, Square 346-A, as shown on a plat by Adloe Orr, Civil Engineer. Square 346-A is bounded by Dupre, Armand, and Nelson Streets and Ozone Place.
*847 Lots 19 and 20 each measure 25 feet front on Dupre Street by a depth of 115 feet between equal and parallel lines. Lot 20 forms the corner of Dupre and Nelson Streets. Lots 21 and 22 each measure 25 feet front on Ozone Place by a depth of 115 feet between equal and parallel lines. Lot 21 forms the corner of Nelson Street and Ozone Place.
AFFIRMED.

. Barberate was joined as a defendant because the records contain no evidence that he ever alienated this property which he acquired in 1857.

. The court was interpreting La. Const, art. X, § 11 (1921), as amended, La. Acts 1932, No. 147. That article is now La. Const. Art. VII, § 25.