512 So.2d 1189 (1987)
Darlene Wagner, Wife of and Edward Thomas CATANIA
v.
Charles A. STUART.
No. 86 CA 0261.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*1190 David L. Carrigee, New Orleans, for plaintiffs-appellants.
Charles E. McHale, Jr., New Orleans, for defendant-appellee.
Ronald S. Ruiz, New Orleans, for Housemaster Corp.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
This is a suit to annul a tax sale.

FACTS
By credit deed dated August 29, 1975, Joseph D. Coleman purchased a 3.24 acre tract from Housemaster Corporation (Housemaster). Thereafter, on November 10,1976, pursuant to a writ of seizure and sale, the property was reconveyed to Housemaster. This sale was recorded on December 3, 1976, in the conveyance records of the Parish of St. Tammany. On November 19, 1976, Housemaster sold approximately two of the 3.24 acres to Edward and Darlene Catania (Catania).[1] The Act of Sale was recorded in the conveyance records of the Parish of St. Tammany on November 26, 1976.
Property taxes, in the amount of $67.05, had been assessed on the entire 3.24 acre tract in the name of Joseph D. Coleman for the 1976 tax year and had not been paid. On March 11, 1977, a notice of delinquent taxes for the year 1976 was sent by certified mail to Joseph D. Coleman at 2512 Burdette, New Orleans, Louisiana. On March 15, 1977, the certified notice was returned to the tax collector by the U.S. Post Office with the notation "unable to deliver as addressed/unable to forward."
Thereafter, on May 31, 1977, the entire 3.24 acre tract was sold to Charles A. Stuart in a tax sale. Prior to the sale, the tax collector did not divide or offer to sell only a portion of the 3.24 acre tract to satisfy the delinquent 1976 tax liability. Furthermore, the only notice of the delinquent tax and notice of the tax sale was sent to Coleman. The Catanias, the record owners of an identifiable two acre portion of the property sold, did not receive notice of either the delinquent taxes or tax sale.
On January 13, 1984, the Catanias filed the instant suit against Stuart to annul the tax sale. Stuart filed a reconventional demand seeking confirmation of the tax sale. Various other demands were filed against Housemaster. After trial, the trial judge rendered judgment in favor of Stuart and against the Catanias on the main demand, dismissing with prejudice their suit to annul the tax sale. The trial judge rendered judgment in favor of Stuart on the reconventional *1191 demand, confirming and quieting his title to the 3.24 acre tract. All rights were reserved against Housemaster.
From this adverse judgment, the Catanias appeal, assigning the following errors:
1. The trial judge erroneously found that Stuart had a valid tax title.
2. The trial judge erred in not finding that the Catanias were in adverse corporeal possession of the property in question such as would suspend the five-year peremptive period of Article 7, § 25 of the Louisiana Constitution of 1974.
3. The trial judge erred in not finding that the tax sale and Stuart's tax title were null and void for want of notice to the owner of record at the time of the tax sale.
4. The trial court erred in not finding that the tax sale and Stuart's tax title were null and void for failure of the tax collector to sell only such portion of the assessed property necessary to pay the delinquent taxes, rather than all of the property.

DISCUSSION
Under LSA-Const. art. 7, § 25, the only defense to a tax sale after the deed has been of record for a period of more than five years is proof of prior payment of the taxes for the year in which the property was adjudicated. Gulf States Corp. v. Barberate, 486 So.2d 843 (La.App. 1st Cir. 1986); Jackson Title Corporation v. Swayne, 411 So.2d 690 (La.App. 4th Cir. 1982). In a valid tax sale, irregularities, like want of notice to the record owner and failure of the tax collector to sell only a portion of the assessed property to pay the delinquent taxes, are cured by the five-year peremptive period. See Thompson v. Walker, 235 La. 132, 103 So.2d 65 (1958). However, corporeal possession by the tax debtor of such a nature as to form a constant protest to the tax sale suspends (interrupts) the five-year peremptive period. LSA-R.S. 47:2226; Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226 (La.1979); Childress v. Johnson, 387 So.2d 1217 (La.App. 1st Cir.1980).
In the instant case, it is undisputed that the 1976 taxes were not paid. The record also shows that Stuart acquired the 3.24 acre tract in a valid tax sale, and his deed has been of record since May 31,1977. The Catanias suit to annul the tax sale, filed on January 13, 1984, was instituted more than five years after the property was adjudicated. Therefore, in order to attack the tax sale for want of notice to the record owner and for the failure of the tax collector to sell only a portion of the assessed property, the Catanias must establish that they were in corporeal possession of the property so as to suspend (interrupt) the running of the five-year peremptive period.
The Catanias contend that they were in corporeal possession of two acres of the 3.24 acre tract from the date of acquisition in 1976 until 1980. They contend that their possession during this four-year period was of such a nature as to form a constant protest to the tax sale. The Catanias reason that their corporeal possession of the property suspended (interrupted) the running of the peremptive period.
A review of the record demonstrates that the 3.24 acre tract of land is heavily wooded property accessible only by a poorly maintained gravel road. Mr. and Mrs. Catania testified that at the time they purchased the two acre tract they lived in Kenner, Louisiana. After purchasing the property, they went out to the property every weekend to camp. Mrs. Catania testified that they cleared some of the underbrush on the portion which fronted the gravel road, but they had not cleared the whole acreage. No improvements were made to the property. She further testified that in March of 1980 they stopped going to the property on a regular basis because of illness of her godmother.
We find that the Catanias did not exercise sufficient acts of corporeal possession so as to form a constant protest to the tax sale. They did not fence the property, they did not have the property surveyed and the lines hacked, marked and/or painted, nor did they establish markings indicia of possession of the property. Furthermore, the *1192 Catanias exercised limited acts of physical possession of the property, they did not lease the property, permit others to use the property or perform any physical activity on the property demonstrative of ownership or possession. We cannot say weekend camping and partial clearing of underbrush on heavily wooded property for a limited period of time is sufficient corporeal possession to suspend (interrupt) the peremptive period.
Accordingly, we find that the trial judge properly dismissed the Catanias suit to annul the tax sale and correctly confirmed Stuart's title to the 3.24 acre tract, reserving any and all rights against Housemaster.
For the above and foregoing reasons, the judgment of the trial court is affirmed. The costs are to be paid by the Catanias.
AFFIRMED.
NOTES
[1] In the Act of Sale, the vendor (Housemaster) agreed to pay the property taxes for 1976.