792 So.2d 29 (2001)
BANK ONE LOUISIANA, N.A., Plaintiff-Appellant,
v.
Ingrid Peterson GRAY, Defendant-Appellee.
No. 34,802-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2001.
*30 Hudson, Potts & Bernstein, by Ashley Smith Burch, Counsel for Plaintiff-Appellant.
David Franklin Post, Counsel for Defendant-Appellee.
Before NORRIS, WILLIAMS and GASKINS, JJ.
NORRIS, Chief Judge.
Bank One appeals a judgment sustaining the defendant's exception of res judicata and dismissing Bank One's suit. For the reasons expressed, we affirm.

Facts
June 12, 1996, Ingrid Gray bought by tax collector's deed a residential lot owned by Premier Bank (now Bank One).[1] Bank One did not redeem the property within the three year period prescribed by law; on May 17, 2000, Ms. Gray obtained a Monition Judgment confirming the sale. June 7, 2000, Bank One filed the instant petition to annul the tax sale on grounds that the property was divisible in kind; the failure of the tax collector to sell only a part of the whole to satisfy the taxes was contrary to La. Const. art. 7, § 25, and as such was an absolute nullity.
Gray filed an exception of no cause of action which was denied and an exception of res judicata, which the trial court sustained. Bank One appeals.

Law and Analysis
Bank One urges that the sheriff failed to sell the "least quantity of property which any bidder will buy for the amount of taxes, interests, and cost," as authorized by La. Const. Art. 7, § 25(A).[2] Bank One contends that this failure renders the tax sale an absolute nullity and deprives the monition judgment of the force of res judicata.
Monition is a procedure by which purchasers of property at sheriffs' sales and other sales "made by the authority of justice" may protect themselves from eviction of the property so purchased, or from any responsibility as possessors. La. R.S. 13:4941. The purpose of monition is to confirm or homologate the judicial sale by showing that the sale was properly advertised, the property was correctly described, and the price was actually paid. R.S. 13:4945. The judgment of the court confirming and homologating the sale has the force of res judicata. R.S. 13:4947. However, a monition judgment cannot cure an absolute nullity. Hubbs v. Canova, 401 So.2d 962 (La.1981). An absolutely null judgment is not res judicata and may be collaterally attacked. Corcoran v. Gauthier, 97-0516 (La.App. 4 Cir. 1/7/98), 705 So.2d 1233, writ denied, 98,0342 (La.3/27/98), 716 So.2d 888; see also LaBove v. Theriot, 597 So.2d 1007 (La.1992).
Under La. Const. 7 § 25(C), tax sales are subject to a five-year peremptive period after which certain irregularities of the sale can no longer be asserted. Catania v. Stuart, 512 So.2d 1189 (La.App. 1 Cir.1987). The jurisprudence holds that the peremptive period does not run if the tax debtor retains corporeal possession, Colvin v. Ferguson, 564 So.2d 775 (La. App. 2 Cir.1990); if the debtor's due process rights were violated because of lack of adequate notice, Mennonite Board of Missions *31 v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), Harrison v. Lenoir, 99-1994 (La.App. 1 Cir. 11/5/99), 745 So.2d 1191, writ denied 99-3389 (La.2/4/00), 754 So.2d 233; if the land cannot be reasonably identified, Hubbs v. Canova, supra, see also Meares v. Pioneer Production Corp., 382 So.2d 1009 (La.App. 3 Cir.), writs denied 392 So.2d 667 (1980); or for lack of a requisite assessment. Hubbs v. Canova, supra. However, when the tax sale meets the constitutional and jurisprudential criteria, the failure of the tax collector to sell only a portion of the assessed property to pay the delinquent taxes is cured by the peremptive period. Catania v. Stuart, supra.
On this record it is apparent that all the procedural requirements for the tax sale were observed, the property was not redeemed, and the monition judgment was validly obtained under R.S. 13:4942 et seq. Bank One has not shown us any authority for its proposition that selling all of Lot 7 rendered the sale an absolute nullity. Since this deficiency is a relative nullity, it was cured by the monition judgment.

Conclusion
For the reasons expressed, we affirm the judgment sustaining Gray's exception of res judicata and dismissing Bank One's suit with prejudice. Appellate costs are assessed to Bank One.
AFFIRMED.
NOTES
[1] The lot is described as Lot 7, Block H, River Oaks Subdivision, Unit 13.
[2] La. Const. Art. 7 § 25(A) was amended by La. Acts 1997, No. 1495, approved by voters in a primary election October 3, 1998, and effective November 5, 1998. The amendment, which divides Subsection 25(A) into two paragraphs, does not affect the instant case.