879 So.2d 736 (2004)
CRESSIONNIE, et al., A Joint Venture
v.
INTREPID, INC.
No. 2003 CA 1714.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*738 Kenneth F. Sarama, Hammond, for Plaintiff/Appellant, Cressione et al., A Joint Venture.
John M. Mamoulides, Metairie, for Defendant/Appellee, Intrepid, Inc.
Before: WHIPPLE, KUHN and MCDONALD, JJ.
WHIPPLE, J.
In this suit to quiet tax title, plaintiff appeals the judgment of the trial court granting defendant's motion for summary judgment and dismissing its suit with prejudice. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On October 30, 1998, plaintiff, Cressionnie, et al., a Joint Venture, (Cressionnie) filed a petition to quiet tax title, naming Intrepid, Inc. (Intrepid) as defendant, and seeking to quiet title on a certain tract of land in St. Tammany Parish that it purchased at tax sale in 1992. Intrepid responded by filing a motion for summary judgment, contending that the Louisiana Tax Commission had cancelled the tax sale upon the determination that there was a dual assessment of taxes and that the taxes on the subject property had in fact been paid prior to the tax sale.
Following a hearing on the motion, the trial court granted summary judgment and dismissed Cressionnie's suit with prejudice. From this judgment, Cressionnie appeals, contending that: (1) cancellation of the tax sale did not have an effect on the suit to quiet title; (2) the tax sale was valid in 1992 and could not now be declared invalid because of prior payment of taxes; (3) material issues of fact exist that preclude summary judgment; and (4) a 1992 tax sale cannot be cancelled in 1999, after more than the constitutional peremption period of five years.

SUMMARY JUDGMENT
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Pursuant to LSA-C.C.P. art. 966(C)(2), the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. Keller v. Case, 99-0424, p. 3 (La.App. 1st Cir.3/31/00), 757 So.2d 920, 922, writ denied, XXXX-XXXX (La.9/29/00), 770 So.2d 354. Moreover, as consistently noted in LSA-C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. Hunter v. Tensas Nursing Home, 32,217, p. 3 (La.App. 2nd Cir.10/27/99), 743 So.2d 839, 841, writ denied, 99-3334 (La.2/4/00), 754 So.2d 228.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Because it is the applicable *739 substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Keller, 99-0424 at p. 4, 757 So.2d at 922.

DISCUSSION
Article 7, section 25 of the Louisiana Constitution of 1974 provides that a tax sale purchaser may quiet his tax title as "provided by law." Louisiana Revised Statute 47:2228 provides the method and procedure for quieting a tax title. Namely, the tax sale purchaser must bring an ordinary proceeding against the former proprietor, and this suit may be brought any time after the three-year redemption period had ended. LSA-R.S. 47:2228; Gunter v. Moore, XXXX-XXXX, p. 4 (La.App. 3rd Cir.2/5/03), 838 So.2d 118, 121. When a tax purchaser sues to quiet a tax title, he puts that title at issue, and the former owner may avail himself of any defense sufficient to defeat the tax title. Scheen v. Hain, 141 La. 606, 611, 75 So. 427, 428 (1915).
The tax deed of the sheriff constitutes prima facie proof of the regularity of the tax adjudication proceedings. The former owner must then carry the burden of proof in establishing any defects alleged by him based on allegations of irregularities in the tax adjudication proceedings. Crain v. C.W. Vanderdoes Estate, 307 So.2d 157, 158 (La.App. 1st Cir.1974). If the defendant offers evidence sufficient to rebut the presumption of regularity, it then becomes the duty of the tax purchaser to go forward and prove that all requisites for a valid tax sale were complied with. Miller v. Cormier, 16 So.2d 82, 85 (La.App. 1st Cir.1943).
In the instant case, Intrepid alleged in support of its motion for summary judgment that the tax sale was invalid because the taxes on the property at issue had been paid prior to the tax sale. In support of its contention, Intrepid produced two affidavits of Debbie Fendlason, deputy clerk for the St. Tammany Parish Tax Assessor's Office. In her affidavits, Fendlason related that the property at issue had been subject to a dual assessment and that the taxes for the year 1991 had in fact been paid prior to the tax sale through which Cressionnie acquired tax title to the property. Fendlason further attested that cancellation of the tax sale had been requested by the St. Tammany Parish Tax Assessor's Office, that the request to cancel the tax sale had been granted by the Louisiana Tax Commission, and that the cancellation of the tax sale at issue was recorded in St. Tammany Parish on August 27, 1999.[1] Intrepid also offered a certified copy of the document of the Louisiana Tax Commission canceling the tax sale, which document was dated July 6, 1999. Cressionnie offered no evidence in rebuttal of Intrepid's motion.
A sale of property for taxes which were previously paid is an absolute nullity. Mansfield Hardwood Lumber Company v. Butler, 234 La. 322, 332, 99 So.2d 129, 133 (1958); Commercial National Bank in Shreveport v. Dance, 661 So.2d 551, 556 (La.App. 2nd Cir.1995). Thus, evidence of prior payment of taxes establishes an irregularity in the tax adjudication proceedings.
Nonetheless, Cressionnie argues that, despite the evidence that the owner paid the taxes prior to the tax sale, the tax sale cannot now be cancelled or declared null because five years, the constitutional per-emption *740 period, have elapsed since the date of the sale.[2] Louisiana Constitution article 7, section 25(C) provides, in pertinent part, as follows:
Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of recordation of the tax deed if no notice is given. (Emphasis added).
Under LSA-Const. art. 7, sec. 25(C), tax sales are subject to a five-year peremptive period after which certain irregularities of the sale can no longer be asserted. Catania v. Stuart, 512 So.2d 1189, 1191 (La.App. 1st Cir.), writ denied, 508 So.2d 71 (La.1987); Bank One Louisiana, N.A. v. Gray, 34,802, p. 2 (La.App. 2nd Cir.6/20/01), 792 So.2d 29, 30. However, by the very wording of this constitutional provision, the defense of prior payment of the taxes for the year in which the property was adjudicated is not subject to the five-year peremptive period. See Catania, 512 So.2d at 1191. Thus, an absolutely null sale of property for taxes which were previously paid is not protected by constitutional peremption. Mansfield Hardwood Lumber Company, 234 La. at 332, 99 So.2d at 133. Accordingly, even after a tax sale deed has been of record for a period of more than five years, the defense of prior payment may be asserted. See Catania, 512 So.2d at 1191.
In the instant case, Intrepid bore its burden of proving a defense to the tax sale, i.e., that the taxes on the subject property had been paid prior to the tax sale. Thus, Intrepid rebutted the presumption of regularity of the tax sale and, in fact, established its absolute nullity. It then became Cressionnie's burden to go forward and prove that all requisites for a valid tax sale were complied with. See Miller, 16 So.2d at 85. Cressionnie did not offer any evidence to meet its burden.
Considering the foregoing, we find no error in the trial court's grant of Intrepid's motion for summary judgment and dismissal of Cressionnie's suit. Cressionnie's arguments lack merit.

CONCLUSION
For the above and foregoing reasons, the March 12, 2003 judgment of the trial court is affirmed. Costs of this appeal are assessed against Cressionnie, et al., a Joint Venture.
AFFIRMED.
NOTES
[1] Pursuant to LSA-R.S. 47:1991(C), where property erroneously assessed has been sold for taxes and adjudicated to a third party, the Tax Commission auditor shall authorize and direct the recorder of mortgages to cancel the sale.
[2] In support of its argument, Cressionnie relies upon article 10, section 11 of the 1921 Louisiana Constitution, rather than relying upon the provisions of the 1974 Constitution. Article 10, section 11 of the 1921 Constitution provided, in pertinent part:

No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of recordation of the tax deed, if no notice is given." (Emphasis added).