JOLYNN VUCINOVICH
v.
THE LAKESHORE CLUB.
No. 2008 CA 2244.
Court of Appeals of Louisiana, First Circuit.
May 8, 2009.
Not Designated for Publication
CHARLES M. STEVENSON, Attorney for Plaintiff/Appellant, Jolynn Vucinovich.
CONRAD MEYER, IV, RAYMOND P. WARD, MAURICE C. RUFFIN, Attorneys for Defendant/Appellee, The Lake Shore Club.
Before CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C. J.
In this suit to quiet tax title, Jolynn Vucinovich appeals a judgment of the trial court granting The Lake Shore Club's motion for summary judgment and annulling the tax sale and sheriffs deed that conveyed the subject property to her.

FACTS AND PROCEDURAL HISTORY
Ms. Vucinovich filed suit to quiet tax title on a tract of lakefront property in St. Tammany Parish that she purchased at tax sale in June 1998, for payment of past due 1997 taxes, interest and costs, totaling $320.28. The named defendant, the Lake Shore Club, a non-profit corporation, had owned the property since 1936. Based on Ms. Vucinovich's representation that she could not locate the Lake Shore Club despite her due diligence, a curator was appointed. The curator located the Lake Shore Club's registered agent and gave notice of the suit. The Lake Shore Club answered the suit and reconvened, seeking annulment of the tax sale, specifically pleading lack of notice of the tax delinquency or tax sale.
The Lake Shore Club moved for summary judgment based on its contention that it received no notice of the tax delinquency or tax sale. Following a hearing, the trial court granted summary judgment annulling the tax sale. Ms. Vucinovich now appeals.

DISCUSSION
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Jamie Land Co., Inc. v. Touchstone, 06-2057 (La. App. 1 Cir. 6/8/07), 965 So.2d 873, 874.
A suit to quiet tax title places the tax title at issue, and the former owner may avail itself of any defense sufficient to defeat the tax title. Cressionnie v. Intrepid, Inc., 03-1714 (La. App. 1 Cir. 5/14/04), 879 So.2d 736, 739. The Sheriffs tax deed constitutes prima facie proof of the regularity of the tax adjudication proceedings. The former owner bears the burden of proving any alleged defects based on allegations of irregularities in the tax adjudication proceedings. Id. If the former owner sufficiently rebuts the presumption of regularity, the tax purchaser must prove that all requisites for a valid sale were complied with. Id.
The Lake Shore Club submitted affidavits of two of its members, one from its former treasurer, who is a current board member, the other from its current treasurer. Both affiants attested that the Lake Shore Club received no notice of a tax delinquency or of a tax sale.
Before taking an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment, such as conducting a tax sale, a State must provide notice reasonably calculated to apprise interested parties of the pending tax sale. Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); Lewis v. Succession of Johnson, 05-1192 (La. 4/4/06), 925 So.2d 1172, 1177. In Mennonite, the Supreme Court stated that, prior to such a tax sale, "[njotice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition." 103 S.Ct. at 2712.
Louisiana's constitution requires notice "in the manner provided by law" prior to a tax sale. LSA-Const. art.7, §25. By Acts 2008, No. 819, §2, the Louisiana Legislature repealed sections of Louisiana Revised Statutes, Title 47, pertaining to tax sales of immovable property, and enacted a new statutory scheme. The new laws became effective January 1, 2009. The tax sale at issue in this case is governed by the laws that existed prior to their repeal on January 1, 2009.
Louisiana Revised Statutes 47:2180 required the tax collector to provide the delinquent tax payer with specific notice by certified mail, with return receipt requested.[1] Here, the Sheriffs Act of Sale by which Ms. Vucinovich acquired the property states that the Sheriff mailed a notice of tax delinquency to the Lakeshore Club "by Certified letter," but does not state that a return receipt was requested. The address to which the certified letter was mailed is not given. In response to requests for production of documents, the tax collector for St. Tammany Parish indicated that the Sheriffs office had no original proces verbal or other documents that might show the address to which the alleged notice was sent or whether a return receipt was indeed requested. Moreover, officers of the Lake Shore Club attested that it received no notice of any kind.
Due process requires that the property owner be properly notified before property can be sold for taxes. If notice requirements are not followed, the sale is absolutely null and void. Jamie Land Co., Inc., 965 So.2d at 875. The Supreme Court has expressed that the notice must be sent by mail or other means certain to ensure actual notice if the party's name and address are readily ascertainable. Mennonite, 103 S.Ct. at 2712.
In this case, there is no documentation of the address to which the notice was mailed. Moreover, there is no documentation to show that the notice was mailed by certified mail with return receipt requested, as was required by LSA-R.S. 47:2180. The Sheriffs office has indicated by responses to a request for production of documents that there is no further documentation other than the copy of the Sheriffs Act of Sale. Although the Act of Sale does indicate that notice was advertised in a newspaper, notice by such means does not satisfy the requirements of either due process or Louisiana law. See LSA-R.S. 47:2180; Mennonite, 103 S.Ct. at 2711.
Due to lack of proof of required notice, the tax sale at issue is an absolute nullity, as recognized by the trial court. Accordingly, summary judgment in favor of the Lake Shore Club is appropriate.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Jolynn Vucinovich.
AFFIRMED.
NOTES
[1] Under the newly enacted LSA-R.S. 47:2153, effective January 1, 2009, the tax collector's notice is required only to be sent by United States mail, postage prepaid.