GERALDINE GUILLORY AND LINUS GUILLORY
v.
OUTBACK STEAKHOUSE OF FLORIDA, INC., AND JOEY GANNARD, d/b/a OUTBACK STEAKHOUSE.
No 2008 CA 2304.
Court of Appeals of Louisiana, First Circuit.
May 8, 2009.
Not Designated for Publication
JASON L. MELANCON, ROBERT C. RIMES, Counsel for Plaintiffs/Appellants Geraldine Guillory and Linus Guillory.
JOHN P. WOLFF, III, TORI S. BOWLING Counsel for Defendants/Appellees Outback Steakhouse of Florida, Inc., and Joey Gannard, d/b/a Outback Steakhouse
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
HUGHES, J.
This is an appeal of a judgment granting a motion for summary judgment in favor of Outback Steakhouse of Florida, Inc. and its proprietor, Joey Gannard, d/b/a Outback Steakhouse (Outback) and against plaintiffs, Geraldine and Linus Guillory.

FACTS
On January 28, 2006, the Guillorys and their friends visited an Outback Steakhouse in East Baton Rouge Parish. Once seated, Ms. Guillory excused herself to go to the restroom and on her way back to the table, she slipped on a french fry and fell to the floor. A waitress who was standing at a nearby table picked up the remains of the potato while another customer helped Ms. Guillory to her feet. Mr. and Ms. Guillory fded suit against Outback. After discovery, Outback sought summary judgment, arguing that the Guillorys could not prove that Outback had constructive notice of the french fry on the floor. The motion was granted and the instant appeal ensued. The Guillorys allege that the trial court erred in finding that no genuine issues of material fact exist to preclude summary judgment.

LAW AND ARGUMENT
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Samaha v. Rau, XXXX-XXXX, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882; Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La. 4/9/03), 842 So.2d 373, 377; Boudreaux v. Vankerkhove, 2007-2555, p. 5 (La. App. 1 Cir. 8/11/08), 993 So.2d 725, 729-30.
In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett, XXXX-XXXX, p. 1 (La. 6/25/04), 876 So.2d 764, 765.
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id., XXXX-XXXX at p. 1, 876 So.2d at 765-66.
On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. LSA-C.C.P. art. 966(C)(2).
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Richard v. Hall, XXXX-XXXX, p. 5 (La. 4/23/04), 874 So.2d 131, 137; Dyess v. American National Property and Casualty Company, XXXX-XXXX, p. 4 (La. App. 1 Cir. 6/25/04), 886 So.2d 448, 451, writ denied, XXXX-XXXX (La. 10/29/04), 885 So.2d 592; Cressionnie v. Intrepid, Inc., XXXX-XXXX, p. 3 (La. App. 1 Cir. 5/14/04), 879 So.2d 736, 738-39.
Because Ms. Guillory would have the burden of proof at a trial on the merits, and Outback has alleged a lack of factual support for the elements of her claim, our determination of whether summary judgment was appropriately rendered in this case turns upon whether Ms. Guillory established, with factual support, a prima facie case of premises liability under LSA-R.S. 9:2800.6, the "merchant statute," which provides, in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably forseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Our jurisprudence holds that in order to prove constructive notice, a claimant must show a temporal element. Specifically, the claimant must show that the condition existed for "such a period of time" that the defendant would or should have discovered it by the exercise of ordinary care. White v. Wal-Mart Stores, Inc., 97-0393, p. 7 (La. 9/9/97), 699 So.2d 1081, 1086. While there is no bright-line time period, the supreme court clarified in White that "[t]he claimant must make a positive showing of the existence of the condition prior to the fall." White, 699 So.2d at 1084. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question, however there remains the prerequisite showing of "some period of time." Essentially, the question in this case turns upon whether Ms. Guillory, in light of the supreme court's pronouncement in White, carried her burden of positively establishing that the french fry was on the floor of the Outback for "some period of time" prior to her fall. And only if we find that she did establish that fact will we reach the issue of whether she also showed that Outback failed to exercise reasonable care. Both showings are necessary in order for Ms. Guillory to receive a favorable result.
The following facts were testified to in the various depositions taken in preparation for this trial:
Ms. Lorelei Nicholson, a waitress at Outback the night that Ms. Guillory fell, was standing at Table 44 at the time of the fall. She believed that the customers she was facing, seated at Table 44, saw Ms. Guillory fall behind her, but their testimony was not taken. Ms. Nicholson testified that she turned around to go to help Ms. Guillory, when other customers, seated at either Table 42 or 43 "said that they had seen a piece of french fry on the floor." She grabbed a napkin to pick up the fry, "but it was stuck to the floor...It was pretty stuck to the floor because [she] had to kind of scrub it off." She then threw the potato material away.
Mr. Gannard, proprietor of that particular Outback location, was informed of the fall by Brandi Harris, the on-duty manager. Mr. Gannard in his deposition stated that there was a "rim" on the floor where the French fry was, however, he did not see the fall nor did he see the french fry prior to or after the fall.
Additionally, there is testimony from all three Outback employees regarding the work habits of the busboys of Outback and whether they habitually wiped food onto the floor. Ms. Nicholson testified that the busboys at the Outback where Ms. Guillory fell do not usually use bus tubs and regularly wipe food onto the floor. Mr. Joubert, the man dining with the Guillorys that night, testified that a busboy wiped food onto his pants after they were seated. While this is not evidence that the busboys wiped food onto the floor where Ms. Guillory fell, it does tend to help Ms. Guillory establish the lack of reasonable care on the part of Outback.
According to a drawing of the area where Ms. Guillory fell, it appears that Table 44 is closer in proximity to Ms. Guillory's fall site than Tables 42 or 43. If the french fry was visible to the customers at Table 42 or 43 prior to the fall, it raises the question of whether it should have been seen by the waitress who was actually closer to it at Table 44.
Given the evidence that other customers saw the french fry before the fall and that the busboys did not use bus tubs when wiping off tables, the issues of whether the french fry was on the floor for "such a period of time" that Outback should have discovered it and whether Outback failed to exercise reasonable care to prevent the french fry from being on the floor remain unanswered.
Given these facts, we find that summary judgment is not appropriate in this case. The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against appellees, Outback Steakhouse of Florida, Inc. and its proprietor, Joey Gannard, d/b/a Outback Steakhouse.
REVERSED AND REMANDED.