WELCH, J.,
dissenting.
hi respectfully dissent. I find that GSS’s claim of nullity based on lack of notice was properly preserved for consideration by the trial court because GSS affirmatively raised the issue of lack of proper notice in its answer. Furthermore, upon reviewing all of the evidence in the record on the issue of notice, I find that genuine issues of material fact exist as to whether the notices of the tax deficiencies and tax sales sent by the Sheriff in this case are constitutionally sufficient, making summary judgment inappropriate to resolve the notice issues. Therefore, I would remand the matter to the trial court to determine the validity of the tax sales.
HIGGINBOTHAM, J.,
dissenting.
hi respectfully disagree with the majority opinion, because the uncontradicted evidence submitted in opposition to Dulac Dat’s motion for summary judgment reveals that GSS and Source Bidco never received notice of the tax delinquency and tax sale. GSS and Source Bidco bore the burden of proving a defense to the tax sale, ie., the lack of notice, thereby establishing the absolute nullity of the tax sale. The majority’s distinction of Jamie Land Co., Inc. v. Touchstone, 2006-2057 (La. App. 1st Cir.6/8/07), 965 So.2d 873, is not persuasive. As we clearly held in Jamie Land, 965 So.2d at 875, a claim of absolute nullity of a tax sale can be raised as an affirmative defense. See also Cressionnie v. Intrepid, Inc., 2003-1714 (La.App. 1st Cir.5/14/04), 879 So.2d 736, 739. Additionally, in the absence of a majority vote by this court en banc to overrule existing First Circuit caselaw directly on point in Jamie Land and Cressionnie, this court remains bound by those opinions.
Furthermore, GSS timely preserved its claim that the tax sale was absolutely null by filing an answer specifically pleading *1026 that “no notice was ever sent [or] received” shortly after service of Dulac Dat’s petition. The | jurisprudence holds that courts may overlook miscaptioning of a pleading where the other party is not prejudiced. Evans v. Ivy, 428 So.2d 886, 889 (La.App. 1st Cir.1983); Higdon v. Higdon, 385 So.2d 396, 398 (La.App. 1st Cir.1980). It is clear in this case that Dulac Dat was not prejudiced or surprised by GSS and Source Bidco’s lack of notice claim, since the original pleadings filed by both GSS and Source Bidco fairly alerted Dulac Dat of their claims of inadequate and unconstitutional notice, essentially setting forth a timely reconventional demand. See Greene v. Greene, 398 So.2d 59, 63 (La.App. 3rd Cir.), writ denied, 405 So.2d 529 (La.1981).
When a tax purchaser sues to quiet a tax title, that title is put at issue and the former owner may avail itself of any defense sufficient to defeat the tax title. Jamie Land, 965 So.2d at 875; Cressionnie, 879 So.2d at 739. Lack of notice is a defense sufficient to defeat the tax title. The statutory time limitations for attacking the validity of a tax sale do not affect a tax sale that was already an absolute nullity. Jamie Land, 965 So.2d at 877.
It is uncontradicted that GSS and Source Bidco did not receive written notice of the tax deficiency or tax sale as outlined by former La. R.S. 47:2180, which required the tax collector to provide the delinquent taxpayer with specific notice by certified mail, with return receipt requested. GSS submitted evidence that the Sheriff sent GSS’s notice to an incorrect address and the notice was not sent by certified mail. GSS’s evidence revealed that no notice was sent to Source Bidco or any other recorded lienholder. Furthermore, the correct addresses for both GSS and Source Bidco were readily ascertainable. Due process requires that the property owners be properly notified before property can be sold for a tax deficiency. If notice requirements are not followed, the sale is null and void, or an absolute |3nullity. See Lewis v. Succession of Johnson, 2005-1192 (La.4/4/06), 925 So.2d 1172, 1183-1184; Jamie Land, 965 So.2d at 875.
It is well settled that the giving of notice of a tax delinquency is mandatory and that failure to give this notice is constitutional grounds for the annulment of a tax sale. Hamilton v. Royal Intern. Petroleum Corp., 2005-846 (La.2/22/06), 934 So.2d 25, 30, cert. denied, 549 U.S. 1112, 127 S.Ct. 937, 166 L.Ed.2d 704 (2007). Due process requires that such notice must be sent by mail or other means certain to ensure actual notice if the party’s name and address are reasonably ascertainable. Vincson, Inc. v. Ingram, 2001-2655 (La.App. 1st Cir.11/8/02), 835 So.2d 813, 815. In Vincson, 835 So.2d at 816, this court observed that as the delinquent taxpayer was a corporation, a simple call by the sheriff to the secretary of state would have provided the correct address for notice, and this was an additional reasonable step that could have been taken.
Moreover, the United States Supreme Court has declared in Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983), that “[w]hen the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee’s last known available address, or by personal service.” In this case, Source Bidco was a reasonably ascertainable mortgagee with a significant interest in the property sold at the tax sale, and whose identity and address could easily be extracted from a review of the mortgage records of Terrebonne Parish. Despite the presence of the mortgage in the public records, the Sheriff made no attempt to *1027 notify Source Bidco of the tax delinquency or impending tax sale. The failure of the Sheriff to give Source Bidco due notice of the impending tax |4sale of GSS’s property was in violation of Source Bidco’s constitutional right to due process. For that additional reason, the tax sale is rendered an absolute nullity. See Weatherly v. Optimum Asset Management, Inc., 2004-2734 (La.App. 1st Cir.12/22/05), 928 So.2d 118, 128; In re Raz, 2003-0893 (La.App. 1st Cir.2/23/04), 871 So.2d 363, 370; and Bank of West Baton Rouge v. Stewart, 2000-0114 (La.App. 1st Cir.2/16/01), 808 So.2d 464, 466.[1]
Thus, the trial court erred in granting summary judgment in favor of Dulac Dat, thereby confirming and quieting title to GSS’s property. After GSS and Source Bidco offered evidence of the lack of notice, they had established the absolute nullity of the tax sale. It then became Dulac Dat’s burden to go forward and prove that all requisites for adequate notice of a valid tax sale were complied with. See Cressionnie, 879 So.2d at 740. Dulac Dat did not offer any evidence to meet its burden; consequently, the summary judgment in favor of Dulac Dat was improper. The tax sale is an absolute nullity because it was in violation of the property owner’s and mortgagee’s constitutional right to due process. Therefore, the trial court’s judgment should be reversed.
For these reasons, I respectfully dissent.

. See also Tietjen v. City of Shreveport, 2009-2116 (La.5/11/10), 36 So.3d 192, 196 n. 6, where the Louisiana Supreme Court acknowledged a split in the courts of appeal on the issue of whether a mortgagee is due notice of delinquent taxes and pendency of a tax sale if the mortgagee is readily discernible on the public records, but has not notified the tax collector of the existence of its mortgage and paid the required tee of former LSA-R.S. 47:2180.1. (Former La. R.S. 47:2180.1 was repealed by 2008 La. Acts, No. 819, § 2, effective January 1, 2009. The newly enacted La. R.S. 47:2153 and 47:2159, effective January 1, 2009, consolidates and generally reproduces the substance of former La. R.S. 47:2180, 2180.1, and 2181 with certain modifications. See La. R.S. 47:2153 and 47:2159, comments-2008.) Without further discussion specifically resolving the appellate courts’ split on the issue, the Supreme Court reversed the second circuit, finding that the trial court judgment holding the tax sale null and of no effect was not manifestly erroneous and was supported by the evidence of inadequate pre-sale notice to the property owner and mortgagee bank in that case. Tietjen, 36 So.3d at 197-198.