HUGHES, J.
| ¡.This is an appeal of a judgment of the Office of Workers’ Compensation, granting defendant/appellee’s motion for summary judgment and dismissing plaintiff/appellant’s claim with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On April 6, 2010, Mr. Kenneth Abney filed a “Disputed Claim for Compensation” with the Office of Workers’ Compensation (OWC), alleging that Gates Unlimited, L.L.C. (Gates Unlimited) had failed to pay, or timely pay, indemnity benefits or medical expenses for an injury he allegedly sustained while working in the course and scope of his employment with Gates Unlimited. Specifically, Mr. Abney alleged that on January 18, 2010, he was working as a laborer with Gates Unlimited in Gonzales and that around 11:30 a.m., while carrying a post uphill, he slid and fell, injuring his back. As a result, Mr. Abney alleged that he is entitled to total temporary disability benefits and/or supplemental earnings benefits and/or total and permanent disability.
On June 8, 2010, Gates Unlimited filed an answer to the petition, denying the claims asserted by Mr. Abney. Specifically, Gates Unlimited denied that Mr. Abney could have sustained a work-related accident in the course and scope of his employment with Gates Unlimited on the basis that Mr. Abney had never been an employee of Gates Unlimited. Thereafter, on December 21, 2010, Gates Unlimited filed a supplemental and amending answer to include allegations that Mr. Abney had made material misrepresentation in regards to his workers’ compensation claim, citing LSA-R.S. 23:1208.
|sOn December 28, 2010, Gates Unlimited filed a motion for summary judgment, alleging that the claims of Mr. Abney should be dismissed, as there were no genuine issues of material fact in the case. Gates Unlimited attached to its motion the “Disputed Claim for Compensation” filed by Mr. Abney, an affidavit of the owner of Gates Unlimited, two affidavits of other Gates Unlimited employees, and the certified medical records of Mr. Abney’s January 19, 2010 visit to the Ochsner Medical Center of Baton Rouge. A hearing was scheduled on the motion for summary judgment for February 2, 2011. The hearing was continued to April 8, 2011, and Mr. Abney was ordered to file any opposition thereto on or before March 31, 2011.
The hearing was held on April 8, 2011 with Mr. Abney appearing pro se.[1] A *1070 judgment was signed on April 20, 2011, granting the motion for summary judgment in favor of Gates Unlimited and dismissing all claims of Mr. Abney with prejudice. This appeal followed. Gleaning from the “Briefs of Case”[2] filed by Mr. Abney, he appeals the judgment of the OWC on the basis that the affidavits provided by Gates Unlimited are “not true at all ... and I feel if they [were] on the stand they would change [their] mind[s] when on the spot.” Additionally, Mr. Ab-ney complains that his witness, |4Holly Bonnier, did not come to court “because of Michael Taffaro did not call her to court.”[3]
LAW AND ANALYSIS
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
An appellate court reviews an OWC’s decision to grant a motion for summary judgment in workers’ compensation cases de novo, using the same criteria that govern the OWC’s consideration of whether summary judgment is appropriate. Revere v. Dolgencorp, Inc., 04-1758, p. 3 (La.App. 1 Cir. 9/23/05), 923 So.2d 101, 103, Newman v. Richard Price Construction, 02-0995, p. 3 (La.App. 1 Cir. 8/8/03), 859 So.2d 136,139.
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Ml doubts should be resolved in the non-moving party’s favor. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (per cu-riam).
IsA fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id,., 04-0806 at p. 1, 876 So.2d at 765-66.
On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements *1071 essential to the adverse party’s claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. See LSA-C.C.P. art. 966(C)(2).
When a motion for summary judgment is made and supported as provided in LSA-C.C.P. art. 967(A), an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in LSA-C.C.P. art. 967(A), must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967(B). See also Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 2007-0107, p. 9 (La.App. 1 Cir. 2/8/08), 984 So.2d 72, 79-80; Cressionnie v. Intrepid, Inc., 2003-1714, p. 3 (La.App. 1 Cir. 5/14/04), 879 So.2d 736, 738.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only |fiin light of the substantive law applicable to the case. Richard v. Hall, 2003-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137; Dyess v. American National Property and Casualty Company, 2003-1971, p. 4 (La.App. 1 Cir. 6/25/04), 886 So.2d 448, 451, writ denied, 2004-1858 (La.10/29/04), 885 So.2d 592; Cressionnie v. Intrepid, Inc., 2003-1714 at p. 3, 879 So.2d at 738-39.
The Workers’ Compensation Act provides coverage to an employee for personal injury by accident arising out of and in the course of his employment. An employee must prove the chain of causation required by the workers’ compensation statutory scheme as adopted by the legislature, and must establish that the accident was employment-related, that the accident caused the injury, and that the injury caused the disability. Clausen v. D.A.G.G. Construction, 2001-0077, p. 2 (La.App. 1 Cir. 2/15/02), 807 So.2d 1199, 1201, writ denied, 2002-0824 (La.5/24/02), 816 So.2d 851.
In order to succeed on his claim, Mr. Abney must at least prove that he was an employee of Gates Unlimited. Gates Unlimited emphatically denies that Mr. Abney was ever its employee. In support of its motion for summary judgment, Gates introduced the following affidavits:
1. Affidavit of James Lemoine, Jr.
Mr. Lemoine, Jr. states that he is the owner of Gates Unlimited, and that Kenneth Abney has never been employed by Gates Unlimited L.L.C., has never performed any work for Gates Unlimited, L.L.C., has no personnel file, and has never been issued a W-2 or 1099 by Gates Unlimited, L.L.C.
2. Affidavit of Larry Benoit
Mr. Benoit states Kenneth Abney is his brother. Mr. Benoit further states that while he is employed with Gates Unlimited as an estimator, his brother has never been employed with Gates Unlimited, and has not |7performed any work for Mr. Be-noit relative to Mr. Benoit’s employment with Gates Unlimited.
3. Affidavit of James Lemoine, Sr.
Mr. Lemoine, Sr. states that he is an employee of Gates Unlimited and was working at Gates Unlimited’s only fencing job on January 18, 2010. He stated that the job was in East Baton Rouge Parish, at a residence in the Country Club of Louisiana, that he and Marshall Lippett were the only employees of Gates Unlimited at that job, and that Kenneth Abney *1072 was not present at that job site. To his knowledge, Kenneth Abney had never been an employee of Gates Unlimited.
Further, Gates Unlimited introduced the certified medical records of Mr. Kenneth Abney from his visit to the Ochsner Medical Center of Baton Rouge. The certified bills show that Mr. Abney presented to Ochsner on January 19, 2010 at approximately 1:35 p.m. with complaints of “pain/injury” to his back sustained “today” as a result of a fall at “home.”
As such, Gates Unlimited supported its motion with affidavits and other evidence, as required by LSA-C.C.P. art. 966. Therefore, because Mr. Abney will bear the burden of proof at a trial on the merits, the burden shifted to him to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial, ie., that he was at least an employee of Gates Unlimited. Because he failed to produce any evidence, apart from the allegations in his pleadings (upon which he cannot rely), there is no genuine issue of material fact and summary judgment must be granted. We find no error herein.
CONCLUSION
For the reasons assigned herein, the motion to dismiss filed by defendant/appel-lee, Gates Unlimited, L.L.C., is denied. The judgment of the |8Office of Workers’ Compensation, granting the motion for summary judgment in favor of the defendant/appellee, Gates Unlimited, L.L.C., is affirmed. All costs of this appeal are to be borne by plaintiffiappellant, Kenneth Ab-ney.
MOTION DENIED; JUDGMENT AFFIRMED.

. At the time of the filing of the claim, on April 6, 2010, Mr. Abney was represented by Robert Booksh, Jr., of John Fox & Associates. Mr. Booksh requested to withdraw as counsel and the court granted that request by signed *1070 order on April 27, 2010. Thereafter, attorney Morgan T. Allison filed a motion to enroll on Mr. Abney’s behalf, but also requested to withdraw. The court granted that request by signed order on October 14, 2010.

. We note that Gates Unlimited filed a "Motion and Order to Strike Appellant’s Brief and Sanctions and to Dismiss” on the basis that the brief filed by Mr. Abney does not comply with the Uniform Rules-Louisiana Courts of Appeal. While we agree that the brief fails to comply with the rules, in the interests of justice, and in light of the appellant’s pro se status, we will nevertheless consider the brief. We therefore deny the motion.

. According to the record, it appears that Mr. Abney attempted to subpoena Ms. Bonnier, but sent the subpoena to the office of opposing counsel by mistake. The court noted that Mr. Abney's mistake cannot be imputed to opposing counsel. We agree and also note that live testimony is not proper at a motion for summary judgment. As such, even had Ms. Bonnier appeared at the hearing, she would not have been allowed to testify.