GUIDRY, J.
1 aDefendant/Appellant, USDT Properties/Mutual of Omaha d/b/a U.S. Assets, LLC (U.S. Assets), appeals from a judgment of the trial court awarding damages in favor of plaintiffs, Charles W. Krieger and Suzanne Mayfield Krieger. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
On August 5, 2009, U.S. Assets[1] purchased property at a tax sale conducted by the St. Tammany Parish Sheriff (Sheriff). US Assets was issued a tax sale certificate, which was recorded in the conveyance records of the Clerk of Court for St. Tammany Parish.
The property that was sold at the tax sale was in the name of KLG Development, Inc. (KLG). However, KLG had divested its interest in the property at issue by dation en paiement transferring, conveying, and assigning its interest in the property to the Kriegers[2] by Act dated December 28, 1993 filed in the conveyance records as instrument number 889103 on December 30, 1993, as recognized by an act of correction dated January 30, 1997, recorded as instrument number 1044301 on January 30,1997.
The Kriegers have paid the ad valorem taxes on the property at issue every year since the property was transferred to them. However, the Sheriff assessed the property for the 2008 tax year in the name of KLG and subsequently sent notice of deficiency to KLG at an incorrect address, which notice was returned as undeliverable. The Kriegers never received notice of a tax delinquency.
| ¡/Thereafter, on December 12, 2012, counsel for U.S. Assets sent a letter addressed to “Charles W. Krieger, Jr. and Suzanne Mayfield,” informing them that tax sale title to the subject property had been sold for failure to pay taxes; that they had been identified as individuals that may have an interest in the property; and their interest in the property would be terminated if .they did not file a lawsuit in accordance with the law within six months of the date of the notice. After receiving this letter, Mrs. Krieger contacted counsel *1196 for U.S. Assets and was informed that the taxes had not been paid and consequently, U.S. Assets had purchased the property at a tax sale on August 5, 2009. Counsel also told Mrs. Krieger that U.S. Assets would relinquish its rights to the property if the Kriegers paid U.S. Assets the outstanding property taxes, attorney’s' fees, interest, and a $10,000 premium.
On January 31, 2013, counsel for the Kriegers sent a letter to counsel for U.S. Assets advising U.S. Assets that its tax sale purchase was “worthless” because the property had been transferred by KLG to the Kriegers over fifteen years before the instant tax sale and that the property was assessed in Mr. Krieger’s name and the taxes were paid by him. Counsel also pointed out specific defects in the tax sale based on the results of his search of the public records. In addition to expressing concern that U.S. Assets was engaging in “tax sale trolling,” counsel requested that counsel for U.S. Assets advise him of the facts U.S. Assets relied upon beyond the tax sale deed and if no inquiry was made, demanded reimbursement and attorney’s fees.
Counsel for U.S. Assets thereafter responded in a letter dated March 5, 2013, wherein she explained that under Louisiana law, U.S. Assets’ tax sale certificate is presumptively valid under the Louisiana Constitution and jurisprudence and therefore, the burden to prove a defect in the sale would fall upon the party | challenging the validity of the certificate and not the tax sale purchaser. The letter concluded by requesting a counter offer to settle the matter.
.Thereafter, on June 12, 2013, the Krieg-ers filed a petition to annul tax sale and to be maintained in possession of immovable property. The Kriegers also asserted a claim against U.S. Assets for unfair trade practices under La. R.S. 51:1405. US Assets responded by filing an answer and reconventional demand to quiet tax title. US Assets also filed a notice of lis pendens regarding its reconventional demand.
While their nullity action was pending, the Kriegers sought review of the tax sale with the Louisiana Tax Commission (LTC). On June 24, 2015, the LTC declared the tax sale null and void on grounds of erroneous dual assessment and ordered that the tax sale be cancelled from the public records. Accordingly, on August 14, 2014, U.S. Assets sought voluntary dismissal of its reconventional. demand to quiet tax title without prejudice, which order was signed by the trial judge on August 18, 2014.
On September 25, 2014, counsel for the Kriegers filed a motion to set for trial on the merits. In their pre-trial order filed on October 29, 2014, the Kriegers acknowledged that their demand to declare the tax sale null was moot due to the LTC’s decision. However, the Kriegers requested that the court recognize their right to be maintained in possession of their property and award reasonable damages, attorney’s fees, and costs. Particularly, the Kriegers sought attorney’s fees pursuant to La. R.S. 51.1409(A) and general damages under La. C.C.P. art. 3662(A)(3).
The matter came on for trial on January 29, 2015. At the beginning of trial, the court noted that counsel for U.S. Assets was not present. The minute clerk stated that she spoke with counsel, who informed the clerk that she had no opposition and she did not intend to come. Counsel also informed the clerk that |Bshe had been trying to reach counsel for the Kriegers to discuss the matter. The trial on the issue of damages and attorney’s fees proceeded, at the conclusion of which the trial court took the matter under advisement.
*1197 Thereafter, the trial court issued written reasons for judgment, finding that U.S. Assets violated the Louisiana Unfair Trade Practices Act (LUTPA) and awarding damages in the form of reasonable attorney’s fees in the amount of $8,069.85 and costs. The trial court signed a judgment on April 17, 2015, ordering that the August 5, 2009 tax sale is an absolute nullity; ordering the clerk of court to cancel the inscription of tax sale in the conveyance records and inscription of the notice of lis pendens; and awarding judgment in favor of the Kriegers in the sum of $8,069.85, together with all courts costs.
US Assets subsequently filed a motion for new trial. The Kriegers also filed a motion for sanctions, asserting that the motion for new trial was made in violation of La. C.C.P. art. 863. Following a hearing on these motions, the trial court signed a judgment denying both motions but modifying the April 17, 2015 judgment to declare that the August 5, 2009 tax sale is a relative nullity rather than an absolute nullity. US Assets now appeals from the trial court’s judgment, asserting that the trial court erred in finding that U.S.. Assets violated LUTPA and in awarding attorney’s fees to the Kriegers.[3] The Krieg-ers also answer the appeal, asserting that the award of damages was less than the amount to which they were entitled, that the trial court erred in denying their request for sanctions, and requesting damages for a frivolous appeal.
DISCUSSION
LUTPA, codified in Louisiana Revised Statute 51:1401 et seq., declares any “[u]n-fair methods of competition and unfair or deceptive acts or practices in the | (¡conduct of any trade or commerce” to be unlawful. La. R.S. 51:1405(A). Louisiana Revised Statute 51:1409(A) grants a private right of action to “[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal” as a result of a violation of LUTPA to recover actual damages and, if such damages are awarded, reasonable attorney’s fees.
Acts which constitute a violation of LUTPA are not specifically defined in the statute and are instead determined by courts on a case-by-case basis. Newton v. Brenan, 14-423, p. 7 (La.App. 5th Cir.12/16/14), 166 So.3d 285, 289; see also Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc., 13-1582, p. 21 (La.5/7/14), 144 So.3d 1011, 1025. In order to prevail in an action under LUTPA, a plaintiff must prove by a preponderance of the evidence that the “alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious,” Quality Environmental Processes, Inc., 13-1582 at p. 21, 144 So.3d at 1025 (quoting Cheramie Services, Inc. v. Shell Deepwater Production, Inc., 09-1633, p. 11 (La.4/23/10), 35 So.3d 1053, 1059); see also Pearson v. Blossman, 15-0589 (La.App. 1st Cir.11/6/15), 2015 WL 6833469 *8 (unpublished opinion).
In Quality Environmental Processes, Inc., 13-1582 at pp. 21-22, 144 So.3d at 1025-1026, the Louisiana Supreme Court stated the following regarding the evaluation of a potential LUTPA claim:
“[T]he range of prohibited practices under LUTPA is extremely narrow,” a's LUTPA prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence. Moreover, conduct that offends established public policy *1198 and is unethical is not necessarily a violation under LUTPA.
Notably, LUTPA was modeled after the Federal Trade Commission Act ..., and the two acts share the same goals: to protect consumers and to foster competition. Specifically, these goals include halting unfair business practices and sanctioning the businesses which commit them, preserving and promoting effective and fair competition, and curbing business practices that lead to a monopoly and unfair restraint of'trade within a certain industry.
|7However, the goals of LUTPA were not intended to ensure ethical and fair cooperation between attorneys litigating á case. [Citations omitted.]
In the instant case, the trial court articulated specific factual bases for its conclusion that U.S. Assets violated LUT-PA, including: sending an inaccurate letter to the Kriegers on December 12, 2012, notifying them that their property had been sold for unpaid taxes and that they must take legal action; threatening Mrs. Krieger in a phone conversation and misleading Mrs. Krieger into believing that if she wanted the property back she would have to pay the taxes, interest, penalties and a $10,000 premium; insisting that it did not have a duty to investigate the validity of the tax sale even after being put on notice by counsel for the Kriegers of defects in the tax sale; engaging in unethical conduct by failing to remove the notice of lis pendens; and failing to acknowledge the tax sale was a nullity and persisting in its claim to quiet tax title even after the LTC rendered its decision.
However, after a thorough review of the record, we find that the trial court erred in finding U.S. Assets violated LUTPA.
As stated previously, U.S. Assets purchased the subject property at a tax sale on August 5, 2009, and obtained a tax deed from the ex officio tax collector, the St. Tammany Parish Sheriff. This tax deed is prima facie evidence that a valid sale was made. La. Const. Art. 7, § 25(A)(1). At that point, the jurisprudence is clear that because tax sales are presumed valid and a tax deed constitutes prima facie evidence of the validity of the sale, the burden shifts to the party attacking the tax sale to prove that the sale was invalid. See Smitko v. Gulf South Shrimp, Inc., 11-2566, p. 11 (La.7/2/12), 94 So.3d 750, 757-758; Cressionnie v. Intrepid, Inc., 03-1714, p. 4 (La.App. 1st Cir.5/14/04), 879 So.2d 736, 739. Placing the burden of invalidating the tax sale on the party attacking the sale is based on Louisiana’s public policy of favoring the validity of tax sales. Board of Commissioners for Sunset Drainage District of St. Charles Parish v. Rivet, 05-441, p. 7 (La.App. 5th Cir.1/17/06), 921 So.2d 1046, 1049. Accordingly, contrary to the trial court’s finding, the law does not place the burden on a tax purchaser to investigate the validity of its tax deed. Rather, the law clearly sets forth a procedure whereby a tax sale debtor who desires to attack the validity of a tax sale must do so by bringing an action to annul the tax sale in the parish where the property is located and asserting a payment nullity, redemption nullity, Or a nullity under R.S. 47:2162. La. R.S. 47:2286.[4] US Assets, according to law, did not have a duty to investigate the validity of its tax sale title, regardless of what information counsel for the Krieg-ers gave it. The trial court erred in finding to the contrary.
*1199 Additionally, we find erroneous the trial court’s finding that the December 12, 2012 letter sent by U.S. Assets to the Kriegers was inaccurate in notifying them that their property had been sold for unpaid taxes and that they must take legal action. Louisiana Revised Statute 47:2157(A)(1) provides, in pertinent part:
A. (1) Upon the expiration of the applicable redemptive period, the tax sale purchaser may send a notice to a tax sale party whose interest the tax sale purchaser intends to terminate that the party has until ...:
* * *
(b) Six months after the date of the notice if five years have not elapsed from the filing of the tax sale certificate, to challenge, in a court of competent jurisdiction, the tax sale.
After the redemptive period had expired, U.S. Assets sent a notice to the Kriegers on December 12, 2012, informing them that tax sale title to the subject property had been sold for failure to pay taxes; that they had been identified as individuals that may have an interest in the property; and that their interest in the property would be terminated if they did not file a lawsuit in accordance with the law within six months of the date of the notice. The notice also recommended that the Kriegers discuss preserving their legal rights with an attorney. The notice was provided to |flthe Kriegers pursuant to La. R.S. 47:2157(A)(1) and was based on U.S. Assets’ presumptively valid tax sale certificate.[5] As such, we find no basis in the record for the trial court’s finding that the December 12, 2012 letter sent to the Kriegers was inaccurate.[6]
Further, as evidenced by Mrs. Krieger’s testimony, she contacted the attorney who sent the letter and pleaded with the attorney to meet with the Kriegers and to further investigate. Mrs. Krieger explained that she had paid the taxes on the property, but counsel for U.S. Assets advised her that it was “too late.” Mrs. Krieger then asked counsel what U.S. Assets wanted if the Kriegers retrieved the property — how much did they want — and she offered to pay the back taxes paid by U.S. Assets. However, counsel for U.S. *1200 Assets advised her that that was not enough and that she would have to discuss the matter with her client. Counsel called Mrs. Krieger back a few days later and advised her that she would need to pay taxes, interest, attorney’s fees, and a premium of $10,000 in order to settle the matter. In a follow-up letter to counsel for the Kriegers, counsel for U.S. Assets stated that the previous offer was what U.S. Assets sought in exchange for not litigating the matter, | mand that as she had mentioned to Mrs. Krieger, the premium portion of the offer was negotiable.
From our review of Mrs. Krieger’s testimony, there is no support for the trial court’s finding that counsel for U.S. Assets was “threatening” toward Mrs. Krieger. Rather, counsel correctly, although perceived by Mrs. Krieger as bluntly, informed Mrs. Krieger that it was tod late for her to “retrieve” the subject property by simply paying the back taxes.[7] The fact that this harsh truth was upsetting to Mrs. Krieger does not equate it to a threat. Furthermore, there is no evidence in the record that U.S. Assets’ offer to settle the matter was an attempt by U.S. Assets to mislead the Kriegers into believing that they could only obtain the' return of their property by paying the amount requested by U.S, Assets. Rather, the offer, which was requested by Mrs. Krieger, was presented as an alternative to litigating the validity of the tax sale, which U.S. Assets had already notified the Krieg-ers of their legal right to pursue.
Furthermore, the record evidences that U.S. Assets voluntarily dismissed its action to quiet title upon learning of the LTC’s decision declaring the tax sale null and void due to an erroneous dual assessment. This dismissal occurred over one month prior to the Kriegers filing their motion to set the matter for trial on the merits and over five months prior to the trial. Such an action directly acknowledges that the tax sale was a nullity and evidences U.S. Assets’ intention to relinquish any claim to quiet tax title, and the trial court’s.finding to the contrary is clearly erroneous.
JjjFinally, according to La. C.C.P. art. 3753, the notice of lis pendens “shall be cancelled at the request of any interested party.if the judgment has been canceled or if the action or proceeding has been dismissed.” (Emphasis added.) According to the plain language of this article, either U.S. Assets or the Kriegers could have requested cancellation of the notice upon receipt of the decision of the LTC. And while it could be argued that it was unethical of counsel for U.S. Assets not to cancel the notice of lis pendens after the voluntary dismissal of its claim to quiet tax title, the jurisprudence has recognized that the goals of LUTPA were not intended to ensure ethical and fair cooperation between attorneys litigating a case. Quality Environmental Processes, Inc., 13-1582 at p. 22, 144 So.3d at 1026.
Accordingly, from our review of the record, we find no support for the trial court’s finding that U.S. Assets violated LUTPA. Rather, our review demonstrates that *1201 counsel for U.S. Assets followed the law in sending notice to the Kriegers as potentially interested parties, relying on U.S. Assets’ presumptively valid 'tax sale certificate, and during the course of negotiations with counsel for the Kriegers, maintained a legal position supported by the law, i.e., that it was incumbent upon the Kriegers to file an action to annul the tax sale in order to obtain the return of their property. Such conduct does not fall under the protections of LUTPA’s narrow goal of protecting against egregious actions of fraudulent, deceitful, and unfair business practices to promote and foster healthy and fair business competition. Quality Environmental Processes, Inc., 13-1582 at p. 23, 144 So.3d at 1026, There is no evidence that U.S. Assets’ intentions in this matter were anything other than to preserve its legal rights to the subject property and to legally defend its presumptively valid tax sale certificate. See Newton, 14-423 at p. 8, 166 So.3d at 289 (finding that a party’s effort to exercise his juridical right in connection with a claim is not an unfair trade practice). Therefore, we find that thejjgtrial court erred in finding U.S. Assets violated LUTPA and as such, erred in awarding the Kriegers damages.[8]
CONCLUSION
For the foregoing reasons, we reverse the portion of - the trial court’s judgment finding in favor of Charles Krieger and Suzanne Mayfield Krieger and awarding them damages in the amount of $8,069.85 and all court costs of the proceeding. All costs of this appeal are assessed to Charles and Suzanne Krieger.
REVERSED.

. USDT Properties/Mutual of Omaha Bank purchased the subject property at a tax sale in 2009. In 2010, USDT Properties/Mutual of Omaha Bank merged with U.S. Assets, LLC, and U.S. Assets was the surviving entity.

. The dation en paiement was to Charles Krieger and his then wife, Ella Krieger. Following their divorce, Ella thereafter sold her interest to Charles by act recorded in the conveyance records on April 30, Í997. Charles declared in that act that he was married to Suzanne Mayfield. As such, the one-half interest from Ella became part of the community between Charles and Suzanne.

. US Assets does not challenge the declaration that the tax sale is relatively null or the cancellation of the notice of lis pendens.

. A tax sale debtor may also seek review with the Louisiana Tax Commission. See La. R.S. 39:351 and 47:1991.

. The fact that the LTC subsequently declared the tax sale a nullity due to a dual assessment does not affect the accuracy of the notice at the time it was sent by counsel for U.S. Assets to the Kriegers. Furthermore, the mere fact that the letter was addressed to the Kriegers rather than KLG does not establish that U.S. Assets was aware of the questionable validity of its tax deed prior to sending the notice in December 2012, and the record is devoid of any additional evidence admitted at the trial on the merits supporting such an assertion. We note that the Kriegers rely in brief on an October 2012 thirty-year abstract of the subject property performed by an in-house title abstractor for U.S. Assets as evidence that U.S. Assets knew as early as October 2012 that the subject property had been incorrectly assessed to KLG. However, this evidence was not admitted at the trial of the Kriegers’ LUT-PA action but rather was offered by U.S. Assets in connection with its motion for new trial, which was denied. Accordingly, because U.S. Assets is seeking review of the trial court’s judgment on the merits, this evidence is not properly before us for consideration.

. The Kriegers assert for the first time on appeal that the notice was insufficient because while it contained an abbreviated property description for the subject property, it did not contain an address. See La. R.S. 47:2157(A)(2). However, despite the fact that this issue was not presented to nor considered by the trial court, we find that even if the notice did not contain an address for the subject property, this fact alone would not amount to a violation of LUTPA, as there is no evidence that the omission .of a physical address in the notice "offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.” See Quality Environmental Processes, Inc., 13-1582 at p. 21, 144 So.3d at 1025.

. Mrs. Krieger’s request to pay the back taxes to "retrieve” the properly 'is, in essence; an attempt to redeem the property. Louisiana Revised Statute 47:2156, however, provides that after expiration of the redemptive period, the property cannot be redeemed. There is no question that the redemptive period in the instant case had expired at the time notice was sent by U.S. Assets. Accordingly, the only means by which the Kriegers legally could obtain the return of their properly was to seek review of the tax sale with the LTC or to bring a nullily action in district court. Therefore, counsel’s statement that it was "too late” to redeem the property by paying the back taxes was a legally correct statement, although the harsh reality was not received well by Mrs. Krieger.

. Based on our finding that the trial court erred in finding that U.S. Assets violated LUT-PA, we find the Kriegers' answer to the appeal to he without merit.