STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0847

LPR, L.L.C.

VERSUS

LYNN C. NAQUIN AND DENISE DIAZ NAQUIN

Judgment Rendered: **FEB 1 9 2021**

\* \* \* \* \*

On Appeal from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Trial Court No. 133171

Honorable F. Hugh Larose, Judge Presiding

\* \* \* \* \*

Leslie J. Clement, Jr.
Thibodaux, LA

Attorney for Plaintiff-Appellant,
LPR, L.L.C.

Christopher H. Riviere
William N. Abel
Thibodaux, LA

Attorneys for Defendants-Appellees,
Lynn C. Naquin and Denise Diaz
Naquin

\* \* \* \* \*

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

Wolfe, J. concurs

**HESTER, J.**

Plaintiff, L.P.R., L.L.C., appeals the judgment of the trial court denying its petition to confirm tax title to certain immovable property and granting the reconventional demand to annul the tax sale filed by defendants, Lynn C. Naquin and Denise Diaz Naquin. For the reasons that follow, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

This is a suit brought by plaintiff to confirm tax title relative to Lot Number 15, Addition Number 2, in Ridgefield Heights Subdivision (the "Property"), after acquiring tax sale title at a tax sale in Lafourche Parish. The Property was owned by defendants, Lynn C. Naquin and Denise Diaz Naquin.

In connection with delinquent taxes owed on the Property, notices of tax sale were sent on behalf of the Lafourche Parish Sheriff to "Naquin, Lynn C. and Naquin, Denise D." via first class mail to the address of their residence on March 15, 2012 and April 5, 2012. There was no indication in the records of the sheriff's office that either the March 15th or April 5th dual notices were returned to sender.[1] Another notice of tax sale was sent to "Lynn and Denise Naquin" at their residence via certified mail on April 13, 2013. However, the April 13th notice was returned to sender as unclaimed, unable to forward. Separate from the notices of tax sale sent to defendants, interested party notices of tax sale were sent to "Lynn C. Naquin" at the same address used in the other notices via first class mail and certified mail on May 31, 2012. The notice sent via first class mail was not returned to sender, and the notice sent via certified mail was actually received and signed on June 4, 2012.

After being advertised in the Daily Comet on May 18, 2012 and June 15, 2012, the Lafourche Parish Sheriff, Craig Webre, conducted the tax sale on June 20, 2012. Plaintiff purchased the tax sale title to 100% of the whole of the Property at the tax

---

[1] The deputy tax collector for the Lafourche Parish Sheriff's Office testified that all of the relevant records kept by the sheriff's office were in her care and custody.

2

sale, and the tax sale certificate was recorded in the conveyance records on July 18, 2012. Subsequently, a post-tax sale notice was sent to "Lynn C. Naquin" at the Naquin's residential address via first class mail on August 6, 2012. On the same date, a post-tax sale notice was sent to "Lynn & Denise Naquin" at the same address via first class mail. Neither of these notices were returned to sender.

Additionally, delinquent taxes were owed on the Property to the City of Thibodeaux. Notices of tax sale were sent via certified mail to "Mr. Lynn & Mrs. Denise Naquin" and to "Lynn C. Naquin" prior to the sale, and these notices were received and signed. The City of Thibodeaux conducted a tax sale on June 20, 2012 at which time Michael McCoy purchased a tax sale title to five percent (5%) of the whole of the Property. Thereafter, post-tax sale notices, dated July 29, 2012, were sent to both "Lynn C. Naquin" and "Lynn and Denise Naquin" via regular mail on August 6, 2012, neither of which were returned to sender. On December 22, 2016, plaintiff purchased the undivided five percent (5%) interest in the Property acquired by Michael McCoy at the City of Thibodeaux tax sale.

On July 19, 2017, plaintiff filed suit to quiet and confirm the title to the Property in accordance with La. R.S. 47:2266[2] and requested service on defendants

---

[2] Louisiana Revised Statute 47:2266 provides, in pertinent part, as follows:

(1) After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, [...], notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale [...], and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation. This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.

\*       \*       \*

B. In all cases when tax titles have been quieted by prescription of five years under the provisions of Article VII, Section 25 of the Louisiana Constitution, the purchaser, donee, or his heirs or assigns may, either obtain a judgment of the court confirming the title by suit in the manner and form in Subsection A of this Section, except that the delay for answer shall be ten days instead of six months, provided that the failure to bring suit shall in no manner affect such prescriptive titles.

3

at the address of their residence. Defendants answered plaintiff's petition and asserted a reconventional demand to annul the Lafourche Parish tax sale, asserting that the tax sale was a nullity, that the tax collector failed to provide proper pre-sale and post-sale notices to the defendants, and that the tax collector failed to comply with minimal procedural due process requirements.[3] A supplemental and amending petition was filed in which plaintiff affirmatively alleged that notices of the tax sale were sent before and after the sale, and plaintiff attached as exhibits the notices, Tax Sale Certificate, and an Amended and Corrected Tax Sale Certificate ("Amended Tax Sale Certificate").[4] Plaintiff later filed a third supplemental and amending petition to confirm the title to the undivided five percent (5%) interest acquired from the City of Thibodeaux tax sale purchaser.[5] Plaintiff also claimed in the event that either tax sale was nullified,[6] it was entitled to all amounts paid at the Lafourche Parish and City of Thibodeaux tax sales, all taxes subsequently paid, all costs incurred, as well as ten percent (10%) interest.

At the conclusion of the civil bench trial on February 28, 2020, the trial court ordered post-trial memoranda, and the matter was taken under advisement. On April 7, 2020, the trial court issued reasons for judgment as well as a judgment denying plaintiff's petition to confirm the tax sale title acquired at that Lafourche Parish tax sale because plaintiff failed to show that proper notice was provided to defendants. The trial court deemed the tax sale null and granted defendants' reconventional demand to annul the tax sale. While the trial court determined that the City of

---

[3] Defendants also filed a peremptory exception raising the objection of no cause of action, which was denied.

[4] The Amended Tax Sale Certificate modified the initial Tax Sale Certificate to provide the name of Lynn C. Naquin in the heading as well as in the body.

[5] A second supplemental and amending petition was filed to add as defendants the sheriff in his capacity as ex officio tax collector as well as the third party contractor utilized by the sheriff in connection with tax sales; however, both added defendants were voluntarily dismissed shortly thereafter.

[6] It is noted that defendants did not seek to nullify the City of Thibodeaux Tax Sale.

Thibodeaux tax sale was valid, it concluded that plaintiff did not own enough of an interest to force a sheriff's sale and indicated that defendants must be given the chance to purchase plaintiff's shares at a private sale pursuant to La. R.S. 9:1113.

Plaintiff timely filed a motion for new trial, which was denied by the trial court on May 6, 2012. Plaintiff then filed the instant appeal of the trial court's April 7, 2020 judgment. Plaintiff assigns the following errors for this court's review:

(1) The trial court erred in placing the burden of proof on plaintiff to show that the Lafourche Parish tax sale was valid;

(2) The trial court erred in finding the Lafourche Parish tax sale defective and that the defendants were deprived of their due process rights;

(3) The trial court erred in annulling instead of confirming the tax sale title from the Lafourche Parish tax sale; and

(4) Alternatively, the trial court erred in failing to indicate that the annulment of the Lafourche Parish tax sale would be set aside unless defendants paid the purchase price, all taxes and costs paid, and ten percent (10%) interest within one year from the date of the judgment annulling the sale.

## STANDARD OF REVIEW

In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. **Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC**, 2014-2592 (La. 12/8/15), 193 So.3d 1110, 1115. However, legal findings of a trial court are assessed by a court of appeal using the de novo legal standard of review. **Kevin Associates, L.L.C. v. Crawford**, 2003-0211 (La. 1/30/04), 865 So.2d 34, 43. To the extent a trial court's decision was based on its erroneous interpretation or application of law, such decision is not entitled to deference. **Id.** (quoting **Kem Search, Inc. v.**

5

**Sheffield**, 434 So.2d 1067, 1071-72 (La. 1983)). Accordingly, a court of appeal is required to determine whether the trial court applied the law appropriately. **Voisin v. Int'l Companies & Consulting, Inc.**, 2005-0265 (La. App. 1st Cir. 2/10/06), 924 So.2d 277, 279, writ denied, 2006-1019 (La. 6/30/06), 933 So.2d 132.

Moreover, it is well-settled that where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. Legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial, *i.e.*, when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. **Evans v. Lungrin**, 1997-0541 (La. 2/6/98), 708 So.2d 731, 735.

## LAW AND DISCUSSION

Article VII, Section 25 of the Louisiana Constitution provides for tax sales as follows:

> (A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.

Article VII, Section 25(D) further provides that the manner of notice and form of proceeding to quiet tax titles shall be provided by law.

Before referencing the "manner provided by law," mentioned in Section 25(A)(1) and (D) for notices and quieting tax title, it is important to note that our review is confined to the statutes in effect at the time of the tax sale on June 20, 2012, as the law in effect on the date of the sale is controlling. See **Central Properties v. Fairway Gardenhomes, LLC**, 2016-1855, (La. 6/27/17), 225 So.3d 441, 448. The laws pertaining to the payment and collection of property taxes, tax sales, and adjudicated property (Chapter 5 of Subtitle III of Title 47 of the Louisiana Revised Statutes), in particular the manner by which the requisite constitutional notice is effected, were substantively revised in 2008 through La. Acts, No. 819, which was made effective on January 1, 2009. **Id**. While these statutes were significantly amended again in 2012 by La. Acts, No. 836 (and again in later years), the 2012 amendments did not become effective until August 1, 2012, which was after the tax sale in this case. See **Alpha Capital US Bank v. White**, 2018-0827 (La. App. 1st Cir. 12/21/18), 268 So.3d 1124, 1128 n.4, writ denied, 2019-0135 (La. 3/18/19), 267 So.3d 89.

Pursuant to La. R.S. 47:2121(A) and in accordance with the 2008 revisions, the stated purpose of the revised laws was to amend and restate the law governing the payment and collection of property taxes, tax sales, and redemptions, in part, to encourage the payment and efficient collection of property taxes; to satisfy the requirements of due process; provide a fair process and statutory price for the redemption of tax sale and adjudicated properties; to encourage the return to commerce of tax sale and adjudicated properties through clear procedures that allow interested persons to carry out the title search and notification procedures considered necessary under contemporary standards of due process to acquire merchantable title to those properties; and to retain, to the extent not inconsistent with the stated

7

purposes of La. R.S. 47:2121(A), the traditional procedures governing tax sales, adjudications, and redemptions in Louisiana.

In furtherance of the purpose stated in La. R.S. 47:2121(A), Act 819 of 2008 revised the law with regard to the manner by which notices of delinquency in immovable property taxes must be provided in compliance with La. Const. art. VII, § 25. Act 819 repealed former La. R.S. 47:2180 and enacted La. R.S. 47:2153, which modified the provisions in former Section 2180. Most notably, La. R.S. 47:2153[7] contains no requirement that the tax collector, after serving the pre-sale notices, "make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made," which was required in former La. R.S. 47:2180(B).[8] At the time of the June 20, 2012 sale in this case, La. R.S. 47:2153 simply required that notice of tax delinquency be sent to the delinquent taxpayer by certified mail, return receipt requested, before a tax sale could be conducted.

In accordance with La. R.S. 47:2121(B), a tax sale shall not transfer or terminate the property interest of any person in a tax sale property until that person has been duly notified and both the redemptive period and any right held by that

---

[7] On June 20, 2012, La. R.S. 47:2153 provided, in pertinent part, as follows:

> A. No later than the first Monday of February of each year, or as soon thereafter as possible, the tax collector shall send a written notice by certified mail, return receipt requested, to each tax notice party when the tax debtor has not paid all the statutory impositions which have been assessed on immovable property, notifying the person that the statutory impositions on the immovable property shall be paid within twenty days after the sending of the notice or as soon thereafter before the tax sale is scheduled, or that tax sale title to the property will be sold according to law. [...]
>
> B. (1)(a) At the expiration of twenty days' notice, counting from the day when the last of the written notices are sent, or as soon thereafter as practicable, the tax collector shall proceed to publish a notice to the tax debtors of the delinquency and to advertise for sale the consolidated delinquent tax list under one form two times within thirty days in the official journal of the political subdivision. [...]

Both La. R.S. 47:2153(A) and (B)(1)(a) provide safe harbor forms to utilize in conformity with the statutory requirements.

[8] While Official Revision Comments are not law, they are useful in determining legislative intent. **Central Properties**, 225 So.3d at 448. The 2008 Official Comment (c) to La. R.S. 47:2155 concerning tax sale certificates reiterates that the concept of a proces verbal was eliminated.

person to assert a payment or redemption nullity pursuant to La. R.S. 47:2286 have been terminated. Section 2121(C)(1) confirms that only tax sale title is conferred and further indicates that a tax sale title transfers to its holder ownership of said property if the tax sale property is not redeemed at the end if the applicable redemptive period. Also see La. R.S. 47:2266.

Importantly, the term "tax sale property" is defined in La. R.S. 47:2122(20) as property for which tax sale title is sold pursuant to La. R.S. 47:2154 (providing the procedure for tax sales), and "tax sale title" is simply the set of rights acquired by the tax sale purchaser. La. R.S. 47:2122(22). A tax collector no longer auctions the immovable property itself at a tax sale; rather, a tax sale title is auctioned, and the tax collector issues a tax sale certificate to evidence the set of rights acquired. La. R.S. 47:2122(22), 2154, and 2155. Also see **Central Properties**, 225 So.3d at 448-49. As defined in La. R.S. 47:2122(18), a "tax sale certificate" is the written notice evidencing a tax sale, which is to be filed in accordance with La. R.S. 47:2155 and 2196. As described by the Supreme Court, the term "tax sale" actually denotes that it is a tax lien that is purchased in the form of a tax sale title, albeit with future rights of ownership after due notice to all tax sale parties[9] and the expiration of the redemptive period, as well as the filing of a suit to quiet title. **Central Properties**, 225 So.3d at 449. It is not until there is a judgment in a suit to quiet title (La. R.S. 47:2266), a monition proceeding (La. R.S. 47:2271, *et seq.*), or a suit to terminate the interests of the property owner (La. R.S. 47:2157) that a tax sale purchaser acquires title and full ownership in a tax sale property.

Prior to the enactment of Act 819 of 2008, it was well-settled that a property owner had to be given pre-sale notice that was reasonably calculated to apprise him

---

[9] "Tax sale party" is defined in La. R.S. 47:2122(19) as the tax notice party, the owner of property, including the owner of record at the time of a tax sale, as shown in the conveyance records of the appropriate parish, and any other person holding an interest, such as a mortgage, privilege, or other encumbrance on the property, including a tax sale purchaser, as shown in the mortgage and conveyance records of the appropriate parish.

of a pending tax sale, and without such notice the sale violated due process and was an absolute nullity. **Alpha Capital**, 268 So.3d at 1129 (citing **Lewis v. Succession of Johnson**, 2005-1192 (La. 4/4/06), 925 So.2d 1172 and **Mennonite Board of Missions v. Adams**, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)). After the 2008 revisions, tax sales may no longer be attacked as absolute nullities;[10] rather, there are three statutorily enumerated challenges which, if proven, will nullify a tax sale certificate. **Alpha Capital**, 268 So.3d at 1129; La. R.S. 47:2286. Pursuant to La. R.S. 47:2286, "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities."

In this case, a redemption nullity is the only challenge that could be applicable. A "redemption nullity" is specifically defined as "the right of a person to annul a tax sale in accordance with La. R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period." La. R.S. 47:2122(10). Further, La. R.S. 47:2122(4) provides as follows:

> "Duly notified" means, with respect to a particular person, that an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266, regardless of any of the following:
>
> (a) Whether the effort resulted in actual notice to the person.
>
> (b) Whether the one who made the effort was a public official or a private party.
>
> (c) When, after the tax sale, the effort was made.

The applicable redemptive period is provided in La. Const. art. VII, § 25(B)(1), which provides that the property "shall be redeemable for three years after the date

---

[10] The 2008 Official Comment (d) to La. R.S. 47:2153 provides that "problems with the notice or the publication do not create a nullity action," as the only causes for nullity are enumerated in La. R.S. 47:2286. As mentioned previously, only a tax sale title is auctioned at the tax sale, and the tax sale does not transfer or terminate the property interest. La. R.S. 47:2121(B) and (C), 2122(22) and 2154. Also see **Central Properties**, 225 So.2d at 448.

10

of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption."

The proceedings to quiet tax title referenced in La. Const. art. VII, § 25(D), are set forth in La. R.S. 47:2266, which provides in pertinent part, as follows:

> A. (1) After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, [...], notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale [...], and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation. This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.

> \*     \*     \*

> B. In all cases when tax titles have been quieted by prescription of five years under the provisions of Article VII, Section 25 of the Louisiana Constitution, the purchaser, donee, or his heirs or assigns may, either obtain a judgment of the court confirming the title by suit in the manner and form in Subsection A of this Section, except that the delay for answer shall be ten days instead of six months, provided that the failure to bring suit shall in no manner affect such prescriptive titles.

When a tax purchaser sues to quiet a tax title, he puts that title at issue, and the former owner may avail himself of any defense sufficient to defeat the tax title, *e.g.*, the defense of a redemption nullity pursuant to La. R.S. 47:2122(10) and 2286. **Cressionnie v. Intrepid, Inc.**, 2003-1714 (La. App. 1st Cir. 5/14/04), 879 So.2d 736, 739 (referencing former La. R.S. 47:2228, which was repealed pursuant to Act 819 of 2008 but the substance of former Section 2228 was reproduced in current La. R.S. 47:2266). Notwithstanding, it is well-settled that a tax sale is presumed to be valid, and a tax deed by a tax collector shall be prima facie evidence that a valid sale was made. See **Id.**; La. Const. art. VII, § 25(A)(1).

## ANALYSIS

In its first assignment of error, plaintiff argues that the trial court incorrectly placed the burden of proof on plaintiff to show that the Lafourche Parish tax sale was valid in its suit to confirm tax title. While plaintiff sought to confirm the tax title acquired at the Lafourche Parish tax sale and put the title at issue, plaintiff attached a copy of the Tax Sale Certificate as well as the Amended Tax Sale Certificate to its supplemental and amending petition and included the requisite allegations set forth in La. R.S. 47:2266(A)(1) in its original and subsequent petitions. Additionally, both the Tax Sale Certificate and Amended Tax Sale Certificate were admitted into evidence at trial through the testimony of the deputy tax collector for the Lafourche Parish Sheriff's Office. Pursuant to La. R.S. 47:2155(C), the Tax Sale Certificate is a tax deed for purposes of La. Const. art. VII, § 25, which provides that a tax deed by a tax collector shall be prima facie evidence that a valid sale was made. Because tax sales are presumed valid and the tax deed constitutes prima facie evidence of the validity of the sale, the burden shifts to the party attacking the tax sale to prove that the sale was invalid. **Krieger v. USDT Properties/Mutual of Omaha Bank**, 2015-1563 (La. App. 1st Cir. 8/22/16), 199 So.3d 1194, 1198.

In ruling that plaintiff "failed to show that proper notice was ever given to the defendants" and deeming the tax sale null, the trial court failed to apply the law

appropriately.[11] The Tax Sale Certificate as amended by the Amended Tax Sale Certificate contained the information required by and was in the form set forth in La. R.S. 47:2155(A). Louisiana Revised Statutes 47:2155(A) provides, in pertinent part, as follows:

> The tax collector shall authenticate and file in accordance with law, in person or by deputy, in the political subdivision's name, a tax sale certificate to purchasers of any property to which tax sale title was sold for taxes, in which he shall relate in substance a brief history of the proceedings had, shall describe the property, state the amount of the taxes, interest, penalties, and costs and the bid made for the property, and the payment made to him in cash, cashier's check, certified check, money order, credit card, or wire transfer, or other payment method, shall sell tax sale title, and shall conclude the sale with the statement that the property shall be redeemable at any time during the applicable redemptive period beginning on the day when the tax sale certificate is filed with the recorder of conveyances in the parish in which the property is located. The tax sale certificate shall contain the full name and address of the tax sale purchaser.

There is no requirement that the tax sale certificate contain "the names of delinquents so notified, their post office addresses, [...] and how the service of notice was made" as required under former La. R.S. 47:2180(B), which was repealed by Act 819 of 2008. The trial court's ruling stating otherwise is clearly contrary to the applicable law and constitutes legal error. **Evans**, 708 So.2d at 735. As a consequence, the trial court also failed to shift the burden of proof to the parties attacking the tax sale. See **Krieger**, 199 So.3d at 1198. Plaintiff's first assignment of error has merit.

_____

[11] Specifically, the trial court determined as follows:

> The notice was insufficient to meet the requirements of Louisiana Revised Statutes 47:2153, in that: (i) notice was provided to only Denis Diaz Naquin and further indicates that Lynn C. Naquin, a co-owner of the property, was never provided notice of the tax sale; (ii) it does not state the address to which the notice was allegedly mailed; (iii) it does not state that notice was sent with return receipt requested; (iv) it does not provide the dates the required pre-sale notice was provided; and (v) there are no copies of any notices or return receipts attached.

> Further, the amended and corrected tax sale certificate executed by the Lafourche Parish Sherriff was also insufficient in that it only added Co-defendant Lynn Naquin to the caption of [the] document and adding her as a co-owner of the immovable property. The remaining four deficiencies listed above were still unremedied.

13

While the parties submitted arguments respecting pre-sale notices, the failure to give pre-sale notice to any tax notice party does not render the sale absolutely null under the applicable law.[12] **Alpha Capital**, 268 So.3d at 1131; also see **Central Properties**, 225 So.3d at 451 (citing **Adair Asset Management, LLC v. Turney**, 50, 574 (La. App. 2d Cir. 5/4/16), 195 So.3d 501, writ denied, 2016-01347 (La. 11/7/16), 209 So.3d 97). As provided in La. R.S. 47:2121(D), except for acts and omissions resulting in redemption or payment nullities, none of the provisions of Chapter 5 of Subtitle III of Title 47 of the Louisiana Revised Statutes concerning notices and procedures required in connection with a tax sale provide a ground for nullifying the tax sale or the transfer at the end of the redemptive period of the ownership in the tax sale property.[13] To the extent that the trial court nullified the tax sale for failure to provide proper pre-sale notice, the trial court erred as a matter of law. See **Alpha Properties**, 268 So.3d at 1131. Plaintiff's second assignment of error has merit.

Defendants asserted affirmative defenses of nullity of the tax sale, lack of proper pre-sale notice and post-sale redemption notice, and failure to provide requisite procedural due process in response to plaintiff's petition to confirm tax title and also filed a reconventional demand asserting their nullity action. Accordingly, defendants bore the burden of proving that the tax sale was invalid or establishing a redemption nullity sufficient to defeat the tax title. See **Id.**; **Cressionnie**, 879 So.2d at 739. In improperly placing the burden on plaintiff, the trial court legally erred,

---

[12] It is noted, however, that pre-sale notice pursuant to the applicable version of La. R.S. 47:2153 was provided to defendants via certified mail addressed to "Lynn and Denise Naquin," and the tax sale was advertised twice prior to the sale. While the pre-sale notice sent via certified mail was returned to sender as unclaimed, unable to forward, two other pre-sale notices addressed to both defendants at the same address were sent via regular mail and were not returned to sender. See **Securities Mortgage Company, Inc. v. Triplett**, 374 So.2d 1226, 1231 (La. 1979); **Wright v. Cingular Real Estate Holdings of Louisiana, L.L.C.**, 2009-1825 (La. App. 1st Cir. 7/1/10) 2010 WL 2637907, *2.

[13] "In keeping with the emphasis of the revision, the important notice is a notice of the right to redeem." La. R.S. 47:2286, 2008 Official Comment (b); also see **Alpha Properties**, 268 So.3d at 1130.

and we will conduct a de novo review. See **Kevin Associates, L.LC.**, 865 So.2d at 43; **Evans**, 708 So.2d at 735.

In connection with their assertion of a redemption nullity pursuant to La. R.S. 47:2286, defendants were required to establish that they were not "duly notified at least six months prior to the termination of the redemptive period." La. R.S. 47:2122(10). Defendants, however, did not submit any evidence or offer any testimony at trial. Despite defendants' failure to adduce evidence in support of their contentions, plaintiffs provided testamentary and documentary evidence at trial.

The post-tax sale notices sent to both "Lynn & Denise Naquin" and to "Lynn C. Naquin" to defendants' residential address via first class mail on August 3, 2012 were sent at least six months prior to the termination of the three-year redemptive period in this case. Neither of these notices were returned to sender. These written notices were sent in accordance with La. R.S. 47:2156(B),[14] which permits post-sale notices to be sent via U.S. mail, postage prepaid, to each tax notice party. The notices provided that the Property was sold to plaintiff at a tax sale, indicated the Property on which the taxes were delinquent, provided the relative tax account number for the Property, and indicated that the Property could be redeemed within three years from July 18, 2012 (the date the sale was recorded).

---

[14] The version of La. R.S. 47:2156(B) in effect at the time of the tax sale on June 20, 1012 provided, in pertinent part, as follows:

> For each property for which tax sale title was sold at tax sale to a tax sale purchaser:
> (1) If the redemptive period is greater than two years, each January or as soon as practical thereafter, each tax collector shall send a written notice by United States mail, postage prepaid, to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate in the name of the tax debtor and whose interest was filed prior to the filing of the tax sale certificate that tax sale title to the property has been sold at tax sale.
>
> *     *     *
> (3) The notice shall be given until the end of the applicable redemptive period. The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property shall be redeemed [...].

Section 2156(B)(3) further sets forth a safe harbor form for compliance with the prescribed notice.

Based on the evidenced presented, an effort meeting the requirements of due process of law in providing notice pursuant to La. R.S. 47:2156 was made such that defendants were "duly notified" of their right to redeem pursuant to La. R.S. 47:2122(4).[15] See **Stow-Serge v. Side by Side Redevelopment, Inc.**, 2020-0015 (La. App. 4th Cir. 6/10/20), 302 So.3d 71, 78, writ denied, 2020-00870 (La. 10/14/20), 302 So.3d 1120 (applying a later version of La. R.S. 47:2156, which is substantially similar to the version of La. R.S. 47:2156 applicable herein). More importantly, defendants failed to produce contrary documentary evidence or otherwise submit testimony in order to carry their burden that they were not duly notified at least six months prior to the termination of the redemptive period. Accordingly, under our de novo review, we find that the trial court erred in annulling the 2012 Lafourche Parish tax sale. Defendants failed to establish any defense sufficient to defeat the tax sale or otherwise prevent plaintiff from confirming the tax title pursuant to La. R.S. 47:2266. Due notice was provided to all tax sale parties, and plaintiff filed suit after the applicable redemptive period had expired. Therefore, the trial court also erred in denying plaintiff's petition to confirm the tax title. See **Central Properties**, 225 So.2d at 449-50. Plaintiff's third assignment of error has merit.

## CONCLUSION

In light of the foregoing, we find merit in plaintiff's assignments of error.[16] Accordingly, we reverse that portion of the April 7, 2020 judgment of the trial court denying the petition to confirm tax title filed by LPR, L.L.C. and granting the

---

[15] Additionally, there is no indication in the record that defendants were not served with petition and citation in this suit brought pursuant to La. R.S. 47:2266 after the expiration of the redemptive period and including all recitals required by La. R.S. 47:2266. "Duly notified" includes when an effort meeting the requirements of due process of law has been made to identify and provide that person with service of a petition and citation in accordance with La. R.S. 47:2266. La. R.S. 47:2122(4).

[16] We pretermit discussion of plaintiff's alternative assignment of error regarding the setting aside of the annulment in light of our findings herein.

16

reconventional demand to annul the tax sale filed by Lynn C. Naquin and Denise Diaz Naquin and remand this matter for the entry of a judgment consistent with the findings herein. All costs of this appeal are assessed to defendants, Lynn C. and Denise Diaz Naquin.

**REVERSED AND REMANDED**